**EX PARTE: HARVEY WILSON**

14 So. (2nd) 846
July 30, 1943
Rehearing Denied September 17, 1943

June Term, 1943
En Banc

W. D. Bell, for petitioner.

J. Tom Watson, Attorney General, and Woodrow M. Melvin, Assistant Attorney General, for respondent.

THOMAS, J.:

Habeas corpus was employed to present a challenge to the validity of the verdict, and the judgment upon which the petitioner was imprisoned.

The information charged him with the commission of robbery by a person armed, defined in Sec. 7157 C.G.L. 1927 (now Sec. 13.01, Florida Statute, 1941). An element of the offense necessary to be proven to justify conviction is the intent of the perpetrator, at the time of the assault, to kill or maim his victim "if resisted."

The jury found the defendant "guilty of armed robbery as charged. *But with no intention to kill or maim.*" (Italics furnished by us). Obviously this verdict was defective and it probably would have been better practice to have directed further consideration to the end that the ambiguity might have been eliminated, a course authorized under Section 233 of the Criminal Procedure Act.

It was the court's office, however, by the same authority to determine "whether the jurors intended to acquit . . . to convict . . . of [an] offense for which judgment could be entered under the . . . information . . ." In view of the judment subsequently entered we may assume the trial judge decided that there was no purpose to acquit, but to find the defendant guilty of a crime of lower degree, that is, robbery by a person unarmed, denounced in Sec. 7158 C.G.L. 1927, Sec. 813.02 Florida Statutes, 1941 although the sentence of three years in the state prison eventually imposed was appropriate punishment under either law.

When sentence was passed, however, the court adjudged the defendant "guilty of the offense of armed robbery without intent to kill," a crime not described in the statutes we have quoted.

To convict of the graver offense there must be proven not only the specific intent to which we have referred but also that the defendant was armed with a dangerous weapon, while in the other such intent need not be established nor must the defendant be shown to have been armed.

We think, technical as the point may be, that the judgment is imperfect because it does not contain a proper adjudication of the crime which the court construed the verdict to fix and that the petitioner should be remanded with instructions that the court correctly adjudge his guilt and pronounce his sentence.

It is so ordered.

BUFORD, C. J., TERRELL and SEBRING, JJ., concur.

BROWN, CHAPMAN and ADAMS, JJ., dissent.

BROWN, J., dissenting:

My view is that the verdict was fatally defective. It does not charge an offense under either statute, 813.01 or 813.02. So there was no valid verdict to support the judgment.

ADAMS, J., dissenting:

We issued a writ of habeas corpus to test the sufficiency of a verdict and judgment of conviction wherein petitioner was charged with armed robbery. The information was substantially in the language of the statute, Sec. 813.01, Fla. Stat. 1941, in that it charged petitioner was armed with a dangerous weapon with intent, if resisted, to kill or maim the person robbed.

The verdict read:

"We the Jury find Harvey Wilson and Willard Wilson guilty of armed robbery as charged. But with no intention to kill or maim. But recommend mercy of the Court. So say we all."

The judgment followed the form of the verdict but the punishment imposed conformed to the statute for unarmed robbery. See Sec. 813.02, Fla. Stat. 1941.

Our statute, (Sec. 919.18, Fla. Stat. 1941) prescribes the procedure in case the verdict is fatally defective. In this case however the trial judge was of the opinion that the verdict was not fatally defective although it was irregular. The trial judge had no doubt that the jury intended to convict the defendant of an offense. It was also apparent that they found him not guilty of an essential element of armed robbery to-wit: the intent, if resisted, to kill or maim. This element was not essential to convict of unarmed robbery. A charge of armed robbery also includes a charge of unarmed robbery. Blanco v. State, 150 Fla. 98, 7 So. (2nd) 333, Martin v. State, 100 Fla. 16, 128 So. 869. The verdict will be upheld if it is sufficiently definite to show beyond a reasonable doubt the meaning and intention of the jury and all fair intendments should be made to uphold it. Licata v. State, 81 Fla. 649, 88 So. 621.

It is our conclusion the verdict was not fatally defective nevertheless it has been the settled law that the proper method of attack on a defective verdict is by motion in arrest of judgment. Harris v. State, 53 Fla. 37, 43 So. 311. Now that the motion in arrest of judgment in criminal cases has been dispensed with by Sec. 239 of the Criminal Procedure Act the verdict would have been properly tested by motion for a new trial.

The writ should be quashed.

CHAPMAN, J., concurs.

14 So. (2nd) 721 June Term, 1943
July 30, 1943 En Banc