## HARVEY WILSON v. STATE OF FLORIDA

20 So. (2nd) 673                 January Term, 1945
January 26, 1945                     En Banc
Rehearing denied February 22, 1945

*W. D. Bell,* and *Gordon Hays,* for appellant.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for appellee.

THOMAS, J.:

The appellant was charged with having committed robbery while he was armed with a dangerous weapon and while he entertained the intent to kill or maim his victim if resistance was offered. The crime denominated "robbery by person armed" is defined in Section 813.01, Florida Statutes, 1941, and F.S.A. The jury found the defendant "guilty of armed robbery as charged"; then added, "But with no intention to kill or maim."

The trial judge when passing sentence adjudged the defendant guilty of "armed robbery without intent to kill." At this juncture the matter came to us on habeas corpus, the appellant challenging the validity of the verdict and judgment. Ex parte Wilson, 153 Fla. 459, 14 So. 2nd 846. We observed in the decision that the verdict was defective and might better have been clarified at the time it was returned by the jury (a remark upon which we shall presently elaborate) in accordance with Section 919.18, Florida Statutes, 1941, and F.S.A. We concluded that the judge did not consider the verdict so faulty he could not "determine from it whether the jurors

intended to acquit . . . or to convict, "a position he was authorized to adopt under the same section. We finally decided, however, that the sentence should be corrected because the crime briefly set out in it did not exist, namely, "armed robbery without intent to kill." So we remanded the petitioner with directions to enter a judgment correctly adjudging the defendant's guilt.

This situation, as we then said, was technical, but we think it was not extremely so when we study the hiatus encountered as we pass from the category of robbery by persons armed to robbery by persons unarmed. It is not true, as might at first be supposed, that the only difference between the greater and the lesser offenses is the bearing of arms by the aggressor. That distinction does not exist in the statute denouncing the two crimes, but there is another essential difference. In the graver offense not only must it be proved that the perpetrator bore arms, but that he had the intent if resisted to kill or maim.

When the court found, under the quoted statute, the verdict sufficient to establish guilt he could place the crime in one of but two classifications, armed or unarmed robbery. In all the circumstances we thought it could fall only in the latter, and this was the one adjudged after our mandate reached the trial court. Obviously the jury, regardless of the evidence that the appellant at the time of the assault possessed a dangerous weapon, concluded that the state failed to prove an intent to kill or maim if the prosecuting witness attempted to foil the robbery. In this state of mind what could they do,—acquit, though robbery without intent to kill had been shown, or convict of unarmed robbery, though the robber unquestionably was armed? It is plain to see that this incongruity arises from the titles given the two acts and not from the elements of the two crimes they denounce.

The appellant insists that the verdict was the equivalent of an acquittal, but we do not think this position can be upheld; nor do we think he can complain of the construction placed upon the verdict by the circuit judge. The jury found the defendant guilty of robbery, and the evidence abundantly sustains such a conclusion. The only doubt, as to degree,

derives from the elements of weapons and intent. One convicted of armed robbery may be sentenced for a term of years or for life, while imprisonment not exceeding fifteen years may be inflicted for unarmed robbery. This defendant was convicted for the lesser offense. Had the jury determined he intended to kill if hindered in the perpetration of the robbery the verdict would have been for the greater crime. We find no logical construction which can be applied resulting in a view that the jury purposed to acquit. Were we to sustain this contention, strange would be the result. To repeat, one statute refers to a person armed, the other to a person unarmed. It would be illogical to hold that if a person committed robbery while armed and while intending to kill if interrupted he would commit a crime; if unarmed he would commit another; but if armed and having no intent to kill or maim he should go free.

We pause here to say that armed robbery may also be committed by a person armed who actually wounds or strikes the person robbed apparently regardless of any intent, but inasmuch as no view of this case involves that phase of the statute we shall not discuss it.

We turn now to one of the instructions given the jury when they retired to consider the case. They were told—so far as the record shows, the defendant offered no exception—that "If the state has satisfied you . . . to the exclusion of every reasonable doubt that these defendants [there were originally two of them], as charged in this information, were armed . . . and that they . . . robbed [the prosecuting witness] . . . but . . . did not intend, if resisted, to kill, then your verdict should be, we the jury find the defendant or defendants . . . guilty of armed robbery, as charged, there being no intention to kill if resisted." The jury found such a verdict, and, though the instruction is not challenged, the verdict has been—at least twice.

This instruction and the resultant verdict emphasize the provisions of the statute, Section 919.18, supra, which we quoted in the first opinion and in the forepart of this one. Surely it canot be said that the court could not determine whether the jury intended to acquit the defendant when the

court had instructed the jury to return a verdict of guilty of armed robbery without intent to kill, if resisted, if the other elements of the crime were established, and where that precise verdict was returned.

We are convinced that the finding of the jury that no such intent was present merely resulted in reducing the offense from that titled armed robbery to that titled unarmed robbery, both of which were included in the formal charge. Blanco v. State, 150 Fla. 98, 7 So. (2nd) 333.

The judgment is—

Affirmed.

CHAPMAN, C. J., BROWN, BUFORD, ADAMS and SEBRING, JJ., concur.

TERRELL, J., not participating.