STARNES, HUGH E., Associate Judge.
The defendant was charged with involuntary sexual battery effected by threats with a deadly weapon pursuant to Florida Statute 794.011(2). The jury was furnished a verdict form of “guilty of involuntary sexual battery as charged” with the option of choosing one of the following alternatives:
“and we further find that a weapon was used”, or
“and we further find that a weapon was not used”.
The jury returned a verdict choosing the second alternative. At sentencing the trial court announced that the maximum possible sentence on the charge was fifteen years and sentenced defendant to that term of years.
Defendant has appealed the adjudication and sentence maintaining that the adjudication must have been under F.S. 794.011(5), since that is the only involuntary sexual battery charge carrying a maximum penalty of fifteen years in prison. That section includes as an element the use of force not likely to cause serious personal injury. With this conclusion as a premise, the defendant then argues that the adjudication would be invalid under the rationale of Hicks v. State, 362 So.2d 730 (Fla.3rd DCA 1978), which held that a defendant charged with sexual battery by force likely to cause serious personal injury could not be convicted of sexual battery by use of threat because that would constitute a conviction for a crime not alleged in the charge.
We do not agree with defendant’s conclusion. A charge of sexual battery by threatening to use a deadly weapon would include as a lesser offense in this case sexual battery by threatening to use force likely to cause serious personal injury. Smith v. State, 340 So.2d 1216 (Fla.4th DCA 1976). At trial the victim testified the appellant threatened to kill her if she did not submit to him. The only reasonable construction of the verdict form returned would be that it was intended to cover the latter offense. Nothing in the record before us indicates that defendant’s counsel challenged the form of verdict. Neither does the record contain the instructions given to the jury. Thus, we must assume the jury was properly instructed as to lesser included offenses, but that the trial court merely announced the wrong maximum penalty for the crime for which the defendant was found guilty.
The trial court has a right to determine whether the jury intended to convict the defendant of an offense for which judgment could be entered on the information. Fla.R.Crim.P. 3.530; Ex parte Wilson, 153 Fla. 459, 14 So.2d 846 (1943).
Upon the foregoing reasoning, we find that the verdict and conviction was for an offense properly included within the charging document and supported by the evidence. As a technical matter, however, the judgment form should be corrected since it adjudicates the appellant guilty of “involuntary sexual battery as charged”, rather than for the lesser included offense of in *CCCXXII voluntary sexual battery by threatening use of force likely to cause serious personal injury. See: Ex parte Wilson, supra. We therefore remand the cause to the trial court for entry of a corrected adjudication. We affirm the sentence rendered by the trial court.
HOBSON, Acting C. J., and OTT, J., concur.