HOBSON, Judge.
Appellant, Stafford Lake, was charged by information with two counts of involuntary sexual battery in violation of Section 794.-011(3), Florida Statutes (1977). Count II of the information charged that appellant “did commit a sexual battery . . . and did threaten to use deadly weapons, to wit: a knife and firearm . . . .”
At trial, the court instructed the jury as to the essential elements of the crime of sexual battery with a deadly weapon or actual physical force likely to cause serious personal injury. The court further defined “sexual battery” and “consent.” The court went on to state that a lesser included offense of involuntary sexual battery with a deadly weapon is “involuntary sexual battery with a weapon.” In the portion of the jury charge which dealt with possible penalties, the court stated:
The law provides that the maximum penalty for the offense as charged, that involuntary sexual battery with a deadly weapon set forth in Count One and Count Two of the information is life imprisonment. . . . The possible penalty with a weapon, involuntary sexual battery with a weapon, ... is thirty years.
After deliberations, the jury returned a verdict of not guilty as to Count I, and as to Count II, “guilty of involuntary sexual battery with a weapon, as included in Count II of the information filed herein.” The court then adjudicated appellant guilty of sexual battery with a weapon and sentenced him to. thirty years imprisonment.
Appellant argues that his conviction for sexual battery with a weapon must be reversed because Section 794.011 does not proscribe or delineate that crime. He concedes, however, that he voiced no objection to the State’s requested instruction on sexual battery with a weapon nor to the trial court’s decision to give such an instruction. We cannot agree with appellant’s argument and, for reasons set out hereinafter, we affirm the conviction and sentence entered against him.
Upon a careful reading of the record in this cause, we have concluded that the court did not err in its instruction to the jury. Obviously, everyone involved understood that the court had defined the offense of sexual battery with a weapon as a lesser included offense of sexual battery with a deadly weapon. This was confirmed when the court instructed as to the possible penalties involved and again at the sentencing when the court asked the prosecutor, “What is the maximum?” The prosecutor replied, “Thirty years, Your Honor.”
Section 794.011(3) proscribes the crime of sexual battery with a deadly weapon or the actual use of physical force likely to cause serious personal injury. This offense is a life offense punishable under Section 775.082 by a term of imprisonment for life or for a term of years not less than thirty. Section 794.011(4)(b) proscribes the crime of sexual battery by threatening to use force or violence likely to cause serious personal injury on the victim. This offense is a first-degree felony punishable under Section 775.082(3)(b) by a term of imprisonment not exceeding thirty years. The word “weapon” is defined as “an instrument of offensive or defensive combat; something to fight with; anything used, or designed to be used in destroying, defeating, or injuring, an enemy, as a gun, a sword, a shield, etc.” Webster’s New International Dictionary, Second Edition (1957), at 2892. In the context of the trial, the use of a weapon to commit the sexual battery was the equivalent of the threat of using force and violence likely to cause serious personal injury. We find nothing confusing in the trial court’s instruction and the form of the verdict returned by the jury. Appellant was *1122 simply convicted of a lesser included offense of the charge in the information. This conviction is supported by ample evidence presented by the State and as we stated in McClanahan v. State, 377 So.2d 240 (Fla. 2d DCA 1979), “The trial court has a right to determine whether the jury intended to convict the defendant of an offense for which judgment could be entered on the information.”
We find no reversible error in the judgment and sentence entered against appellant. It is necessary, however, that the judgment form be corrected to reflect that appellant was found guilty of involuntary sexual battery by threatening to use force or violence likely to cause serious personal injury on the victim, as included in Count II of the charging document.
We remand this cause to the trial court for entry of a corrected adjudication. We affirm the sentence rendered by the trial court.
SCHEB, J., concurs.
GRIMES, C. J., concurs specially with opinion.