397 So.2d 354 (1981)
Terrell THOMPSON, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 80-848, 80-849.
District Court of Appeal of Florida, Third District.
April 9, 1981.
*355 Bennett H. Brummer, Public Defender and Richard A. Sharpstein, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., HENDRY, J., and PEARSON, TILLMAN (Ret.), Associate Judge.

REVISED OPINION
PEARSON, TILLMAN, Associate Judge.
These appeals are from an adjudication of guilt and the imposition of an enhanced sentence for the offenses of murder in the first degree and attempted robbery, as well as from a sentence imposed upon the revocation of probation. We affirm the judgment and sentence for first degree murder, reverse the judgment and sentence for attempted robbery and affirm the revocation of defendant's probation.
The defendant confessed that on November 21, 1979, he and his co-defendant entered Lester Wright's grocery store with the intent to commit robbery. Once inside the store, the defendant took out a .38 caliber Smith and Wesson and pointed it at Wright. Wright then tried to bring out his own gun, at which time the defendant told Wright, "Don't try it because it won't work." The defendant then fired one shot and saw Wright hit by the bullet. The two defendants thereupon exited the store, running in a southerly direction. There was additional evidence, other than the defendant's confession, which would have been sufficient to support a jury verdict of guilt on the murder count. It is not necessary, however, for us to detail that evidence in discussing the issues presented in this appeal.
Pursuant to the jury verdicts, the defendant was adjudicated guilty of first degree murder and attempted robbery. On the murder count, he was sentenced to life imprisonment, with a 25-year mandatory sentence before becoming eligible for parole. § 775.082(1), Fla. Stat. (1979). On the attempted robbery count, he was sentenced to a consecutive 30-year term of imprisonment, with a three-year mandatory sentence before becoming eligible for parole. The State concedes that under Section 775.087, Florida Statutes (1979), the enhancement *356 of the latter sentence was error, as was the imposition of the mandatory minimum term thereunder. The first three of the defendant's points concern the sentence he received for attempted robbery. As we have already noted, we find it necessary to reverse the attempted robbery conviction; therefore, we will proceed to the defendant's next points.
The defendant's fourth point questions whether a separate sentence may be imposed for the underlying felony of attempted robbery. Section 782.04(1)(a), Florida Statutes (1979), provides that "[t]he unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed ... or when committed by a person engaged in the perpetration of, or in the attempt to perpetrate [certain enumerated felonies,[1] including robbery,] ... shall be murder in the first degree ..." State v. Pinder, 375 So.2d 836 (Fla. 1979), and its progeny have held that a defendant cannot be convicted of both a felony murder and the felony which serves as its basis, where the only evidence to sustain the murder conviction is furnished by proof that the killing occurred as the result of one of the felonies enumerated in Section 782.04(1), Florida Statutes (1979). In other words, where the underlying felony is indispensable to the murder conviction and where there is no evidence of premeditation upon which the jury could have based its guilty verdict for first degree murder, a defendant cannot be convicted of both the felony murder and the felony which served as the basis for the felony murder conviction. See Hegstrom v. State, 388 So.2d 1308 (Fla.3d DCA 1980); and Taylor v. State, 386 So.2d 825 (Fla.3d DCA 1980).[2]
It is clear from this record that the killing occurred during the course of an attempted robbery. Here, as was pointed out in Hegstrom, supra, the thrust of the State's closing argument was that the defendant should be found guilty on the felony murder basis. However, the only possible basis for a finding of a premeditated intent by the defendant to kill Mr. Wright lies in the defendant's statement just before he fired the fatal shot, "Don't try it because it won't work." Premeditation is a fullyformed and conscious purpose, formed upon reflection and deliberation, McCutchen v. State, 96 So.2d 152 (Fla. 1957), but the reflection and deliberation need not occur for a particular period of time before the killing. It may occur a moment before the act. Davis v. State, 138 Fla. 798, 190 So. 259 (1939).
The facts of this case are reasonably susceptible only to a premeditated intent to commit a robbery. An intent to kill or maim if resisted is one of the essential elements of armed robbery. Arnold v. State, 83 So.2d 105 (Fla. 1955); and Wilson v. State, 155 Fla. 511, 20 So.2d 673 (1945). Here, every action of the defendant is consistent with the intent to rob and the only action consistent with premeditated murder is the expressed warning which the display *357 of the weapon necessarily invoked. If there were anything before the jury from which it could be concluded that the defendant intended to kill Mr. Wright, as well as to rob him, then our decision would be otherwise. Here, we hold that the defendant's conviction for attempted robbery cannot stand because the attempted robbery was the underlying felony upon which the defendant was found guilty of the felony murder.
The remaining points do not present reversible error on this record. The fifth point, which claims error upon the revocation of the defendant's previously-imposed probation, relies upon the proposition that the defendant's stipulation at the time of the revocation proceeding was not broad enough to support the revocation order. The stipulation was clearly intended to provide the basis for the court to proceed and no reservation of the point now urged was suggested. Such sleight of hand, "now you see it, now you don't," is not a part of our law. See Simmons v. State, 305 So.2d 178 (Fla. 1974). The sixth point claims that the trial court improperly denied the defendant's motion to suppress his confession. The point is without support in the record. The seventh, and final, point, which claims that the killing was a justifiable homicide, is based solely on the defendant's testimony from the stand. We hold that it was properly submitted to the jury for its consideration. The rejection of the defendant's testimony is supported by the conflicting evidence in the record.
The judgment and sentence for first degree murder are affirmed, as is the order revoking the defendant's probation. The judgment and sentence for attempted robbery are reversed.
Affirmed in part, reversed in part.
NOTES
[1] The perpetration or attempt to perpetrate any of these felonies is the legal equivalent of that premeditated design to effect death that is otherwise a necessary attribute of first degree murder. Vasil v. State, 374 So.2d 465 (Fla. 1979).
[2] In Slater v. State, 316 So.2d 539 (Fla. 1975), the Florida Supreme Court held that the defendant could properly be charged with, and convicted of, both first degree murder and robbery  two separate offenses for which separate sentences were properly imposed. The Supreme Court noted that the Second District, in Pinder v. State, 366 So.2d 38 (Fla.2d DCA 1978), had opined that in light of Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), and Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the decision in Slater, supra, was no longer applicable where a defendant is convicted of felony murder and there is no evidence of premeditation other than the fact that the killing occurred during the perpetration of the underlying felony. In a footnote, the court in State v. Pinder, supra at 836, pointed out that what Slater really said was that two separate sentences could be imposed for premeditated murder and robbery arising out of the same criminal episode. The court noted that in Slater there was no indication that there was a lack of evidence to prove premeditation and referred to comments made by the Slater court in imposing the death penalty, which went to the question of premeditation. However, as will be discussed infra, such is not the case here.