375 So.2d 836 (1979)
STATE of Florida, Petitioner,
v.
Alfred Jerome PINDER, Respondent.
No. 55369.
Supreme Court of Florida.
July 5, 1979.
Rehearing Denied October 31, 1979.
Jim Smith, Atty. Gen. and Michael A. Palecki, Asst. Atty. Gen., Tampa, for petitioner.
Jack O. Johnson, Public Defender and Paul C. Helm, Asst. Public Defender, Bartow, for respondent.
ALDERMAN, Justice.
The district court of appeal has certified the following question of great public interest passed upon in its decision of Pinder v. State, 366 So.2d 38 (Fla. 2d DCA 1978):

*837 CAN A DEFENDANT BE CONVICTED AND PUNISHED FOR BOTH FIRST-DEGREE MURDER AND AN UNDERLYING FELONY ENUMERATED IN § 782.04(1) WHERE:
(A) THE DEFENDANT IS CHARGED WITH PREMEDITATED MURDER AND ONE OR MORE OF THE FELONIES ENUMERATED IN § 782.04(1); AND
(B) THE EVIDENCE TO SUSTAIN THE MURDER CONVICTION IS FURNISHED SOLELY BY PROOF THAT THE KILLING OCCURRED AS A RESULT OF COMMISSION OF ONE OF THE SAID FELONIES?
Relying on the recent decisions of the United States Supreme Court in Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977),[1] and Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977),[2] the district court answered the certified question in the negative. We agree with the holding and rationale of the district court.
The defendant Pinder was charged by indictment with first-degree premeditated murder of an elderly woman, sexual battery, and burglary of a dwelling. The jury returned a guilty verdict as to all three charges, and he was sentenced to life imprisonment for the first-degree murder, thirty years for sexual battery, and thirty years for burglary. These sentences were to run consecutively.
Pinder appealed to the district court, contending that the double jeopardy clause of the fifth amendment precluded him from being punished for both sexual battery and burglary, in addition to first-degree felony murder, where there was no evidence of premeditation. The district court determined that there was no evidence of premeditation and that the first-degree murder conviction could only have been based upon the jury's finding that an unlawful killing was committed by Pinder while he was engaged in the perpetration of one of the felonies enumerated in section 782.04(1), Florida Statutes (1975). It, therefore, held *838 that, since proof of the underlying felony was indispensable to the murder conviction, Pinder could not have been convicted of both felony murder and the underlying felony on which the murder conviction was based. It also held, in light of Harris v. Oklahoma and Brown v. Ohio, that our decisions in Slater v. State, 316 So.2d 539 (Fla. 1975),[3] and State v. Adams, 335 So.2d 801 (Fla. 1976),[4] are no longer controlling precedent where a defendant is convicted of felony murder and there is no evidence of premeditation other than the fact that the killing occurred during the perpetration of the underlying felony. In deciding that Harris is applicable to the present case, the district court reasoned:
The only significant difference between the instant case and Harris v. Oklahoma is that in Harris the defendant was convicted of felony-murder in one trial and robbery in another, whereas here defendant was convicted of felony-murder and the underlying felonies all in one trial. In our opinion this difference does not distinguish the instant case from Harris.

Over one hundred years ago the Supreme Court announced in Ex Parte Lange, 18 Wall. 163, 173, 21 L.Ed. 872, 878 (1874):
For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? Why is it that, having once been tried and found guilty, he can never be tried again for that offense? Manifestly it is not the danger or jeopardy of being a second time found guilty. It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution. But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value? Is not its intent and its spirit in such a case as much violated as if a new trial had been had and, on a second conviction, a second punishment inflicted?
The argument seems to us irresistible, and we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it.
366 So.2d at 40-41.
The district court correctly vacated only the conviction and sentence for burglary since proof of either the burglary or the sexual battery would sustain the felony-murder conviction.
*839 Having evaluated the record, we find no evidence of premeditation upon which the jury could have based its verdict of guilty of first-degree murder, and we agree with the district court that, since one of the underlying felonies was indispensable to the murder conviction, Pinder could not be convicted of both the felony murder and the felony which served as the basis for the felony murder conviction. Had there been evidence of premeditation, however, there would be no question that Pinder could have been convicted of the first-degree murder, burglary, and the sexual battery because, in that event, proof of the felony would not have been necessary to sustain the murder conviction.
We affirm our holding in Knight v. State, 338 So.2d 201 (Fla. 1976), that the state does not have to charge felony murder in the indictment but may prosecute the charge of first-degree murder under a theory of felony murder when the indictment charges premeditated murder. In Knight, we said:
We find appellant's allegation that the court erred in allowing the State to prosecute the charges under a theory of felony murder when the indictment charged premeditated murder to be absolutely contrary to established precedent. In Larry v. State, 104 So.2d 352 (Fla. 1958), this Court explained:
"Furthermore, we think there was ample evidence to sustain a verdict for murder in the first degree committed in the perpetration of a robbery. The trial judge instructed the jury on this phrase of the law. His instruction was warranted by the evidence and in such a case premeditation is presumed as a matter of law. Leiby v. State, Fla., 50 So.2d 529. Proof of a homicide committed in the perpetration of the felonies set forth in § 782.04, Florida Statutes, F.S.A., may be shown under an indictment charging the unlawful killing of a human being from a premeditated design. Killen v. State, Fla. 92 So.2d 825; Everett v. State, Fla., 97 So.2d 241." (emphasis supplied)
Subsequently in Barton v. State, 193 So.2d 618 (Fla. App.2d 1967), authored by Justice Adkins while temporarily assigned to the District Court as an Associate Judge, that court opined and we agree:
"The indictment was in the usual form charging murder to have been committed with a premeditated design to effect the death of Corbin. The appellant argues that he should have been furnished with a bill of particulars specifying whether the State would proceed on the theory of felony murder or premeditated murder. Without being apprised of the specific theory under which the State was electing to proceed, appellant says he was placed at a burdensome disadvantage by being forced to prepare defenses to each, which defenses necessarily are inconsistent. Appellant contends that forcing such a burden upon him constituted a denial of due process.
"The allegations of the indictment were sufficient to charge murder in the first degree, regardless of whether the murder was committed in the perpetration of any of the felonies mentioned in F.S.A. § 782.04 or was committed with a premeditated design. Southworth v. State, 98 Fla. 1184, 125 So. 345. Under such a charge evidence under either theory may be introduced and defendant may be convicted either on the theory that the killing was carried out as a result of a premeditated design to effect death or on the theory of felony murder. Larry v. State, 104 So.2d 352 (Fla. 1958)."
338 So.2d at 204.
Accordingly, where premeditated murder is charged, but the only evidence to sustain the murder conviction is furnished by proof that the killing occurred as the result of one of the felonies enumerated in section 782.04(1), we hold that the defendant may not be convicted and punished for both the felony murder and the underlying felony. If, however, in the same criminal episode, in addition to the killing, the defendant *840 commits more than one of the felonies enumerated in section 782.04(1), only one of the felonies need be considered the underlying felony. The defendant may be convicted and sentenced for the other felonies since it is only necessary for the state to prove one of the enumerated felonies to support the murder conviction. We recede from State v. Adams only to the extent that it is inconsistent herewith, and we approve the decision of the district court.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] Applying the test earlier announced in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishments, the Supreme Court of the United States in Brown v. Ohio held that, pursuant to the double jeopardy clause of the fifth amendment, Brown's conviction of joyriding barred his subsequent prosecution for auto theft because the crime of joyriding required no proof beyond that required for conviction of auto theft. Blockburger established the following test:

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
284 U.S. at 304, 52 S.Ct. at 182. The Supreme Court in Brown reiterated that separate statutory offenses need not be identical  either in constituent elements or in actual proof  in order to be the same within the constitutional prohibition of the double jeopardy clause and explained that, although the legislature is free to define crimes and fix punishments, the courts may not impose more than one punishment for the same offense. It stated that not only does the double jeopardy clause protect against subsequent prosecution for the same offense but also protects against multiple punishments for the same offense in the same trial.
[2] During the course of a robbery in which Harris participated, a companion of his killed a grocery store clerk. Harris was convicted of felony murder. Although proof of the underlying felony of robbery was required to prove intent for the felony murder conviction, Harris was thereafter tried for robbery. The Supreme Court of the United States reversed the robbery conviction and held:

When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one. In re Nielsen, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889); cf. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). "... [A] person [who] has been tried and convicted for a crime which has various incidents included in it, ... cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offence." In re Nielsen, supra, at 188, 9 S.Ct. 672. See also Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970); Grafton v. United States, 206 U.S. 333, 352, 27 S.Ct. 749, 51 L.Ed. 1084 (1907).
433 U.S. at 682-3, 97 S.Ct. at 2913.
[3] In Slater v. State, defendant was charged with premeditated murder and with robbery and was convicted of both. We found no merit in Slater's contention that he was illegally sentenced for his conviction of robbery and held that Slater was charged and convicted of murder in the first degree and was charged and convicted of robbery, two separate offenses for which two separate sentences were properly imposed. The decision of this Court does not indicate that there was a lack of evidence to prove premeditation and that, therefore, the state proceeded against Slater under the felony murder theory. To the contrary, we recited the following excerpt from the trial court's transcribed rationale for his giving of the death penalty:

"It is a premeditated offense; where one man has decided coldly, calculatingly, way in advance, to arm himself and go to a neighbor and confront him with the choice of giving him his money or forfeiting his life. That is a very barbaric and base set of values.. ."
316 So.2d at 541. Therein, we did not say that two separate sentences could be imposed for felony murder and robbery, but rather that two separate sentences could be imposed for premeditated murder and robbery arising out of the same criminal episode.
[4] In State v. Adams, however, Adams was convicted and sentenced on two separate counts of felony-murder and robbery growing out of the same transaction. The District Court of Appeal, Second District, held that the robbery merged with the felony murder. Adams v. State, 310 So.2d 782 (Fla. 2d DCA 1975). We quashed that portion of the district court's holding which vacated the robbery sentence and held that Adams should be sentenced for both the robbery and the felony murder.