388 So.2d 1308 (1980)
Dennis Andrew HEGSTROM, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-2480.
District Court of Appeal of Florida, Third District.
October 7, 1980.
*1309 Bennett H. Brummer, Public Defender and Peter Raben, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Susan C. Minor, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Hegstrom was charged with robbery and first-degree murder alleged to have been committed with a premeditated design or while engaged in the perpetration of such robbery. He was convicted of both crimes and sentenced to life imprisonment on the murder charge and a consecutive one-hundred-year term on the robbery charge.
It was undisputed that the killing occurred during the course of the robbery. The only evidence adduced by the State respecting Hegstrom's state of mind consisted of his conflicting out-of-court statements that (a) he knifed the victim in a sudden fit of anger and (b) he plunged the knife in the victim accidentally; and testimony that at the time of the robbery, Hegstrom was under the influence of drugs. The State's other evidence proved only a premeditated design to commit robbery, not murder. On this record we conclude there was no evidence of premeditated design to support the jury's verdict of first-degree murder on that theory. Our conclusion is bolstered by the fact that the near total thrust of the State's closing argument to the jury dealt with the felony murder theory, and by the fact that during its deliberations the jury, in a note to the trial court, asked: "If we agree that a robbery occurred, is it or is it not possible to reach a third degree verdict?"[1] The focus of the State and the jury was obviously felony murder.
Since the first-degree murder conviction is sustainable only on a felony murder theory, we must reverse and vacate Hegstrom's conviction[2] for robbery, the felony *1310 which served as the basis for the felony murder conviction. Mahaun v. State, 377 So.2d 1158 (Fla. 1979); State v. Pinder, 375 So.2d 836 (Fla. 1979); Taylor v. State, 386 So.2d 825 (Fla.3d DCA 1980); Wright v. State, 380 So.2d 550 (Fla. 2dDCA 1980); Harkins v. State, 380 So.2d 524 (Fla. 5thDCA 1980). See also McRae v. State, 383 So.2d 289 (Fla. 2dDCA 1980).
Affirmed in part; reversed in part.
NOTES
[1] The trial court's response to the jury, through reinstruction, is the subject of a separate point on appeal, which we find to be without merit.
[2] In our view, State v. Pinder, infra, requires that the conviction not merely the sentence, be set aside. Prior to Pinder, the Florida Supreme Court, faced with a conviction of a lesser included offense, without discussion left the conviction undisturbed and set aside the sentence. See, e.g., Stevens v. State, 372 So.2d 1370 (Fla. 1979); Johnson v. State, 366 So.2d 418 (Fla. 1978); and Cone v. State, 285 So.2d 12 (Fla. 1973). See also Gonzalez v. State, 367 So.2d 1008 (Fla. 1979). Pre-Pinder District Court decisions were in silent disarray. Compare Ennis v. State, 364 So.2d 497 (Fla. 2dDCA 1978); Hernandez v. State, 278 So.2d 307 (Fla. 2dDCA 1973); Yost v. State, 243 So.2d 469 (Fla. 3dDCA 1971) (setting aside the sentence only), with Heisterman v. State, 327 So.2d 839 (Fla. 3dDCA 1976); and Sloan v. State, 323 So.2d 278 (Fla. 2dDCA 1975) (setting aside the judgment). Only Kimbrough v. State, 356 So.2d 1294 (Fla. 4thDCA 1978), and, to a lesser extent, Taylor v. State, 330 So.2d 44 (Fla. 1stDCA 1976), openly addressed the validity vel non of the judgment and concluded that the judgment could not stand.

While the United States Supreme Court had held that the double jeopardy clause protected against multiple punishments and prosecutions for the same (or lesser included) offense, North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); and Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), it left undecided whether the double jeopardy clause precludes a conviction of the same or a lesser included offense where it is prosecuted in a single proceeding with the higher offense. See Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). Pinder, finding that a conviction of the underlying felony in a separate trial was indistinguishable from the conviction of the underlying felony in the same trial, extended the holding of Harris v. Oklahoma, supra. It appears, however, that this has been twice overlooked by the very court which decided Pinder. In King v. State, 390 So.2d 315 (Fla. 1980), although agreeing that "a judgment and sentence for the underlying felony" could not be imposed, the court affirmed the conviction and set aside the sentence. In White v. State, 377 So.2d 1149 (Fla. 1979), the court merely set aside the sentence. A possible explanation of the Supreme Court's failure to follow Pinder in that instance is that White merely attacked the sentence, not the conviction. See White v. State, 348 So.2d 368 (Fla. 3dDCA 1977).