390 So.2d 781 (1980)
Buford Lee JENRETTE, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-438.
District Court of Appeal of Florida, Third District.
November 25, 1980.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HENDRY, SCHWARTZ and DANIEL S. PEARSON, JJ.
SCHWARTZ, Judge.
Pursuant to our decision affirming his convictions on the merits in Jenrette v. State, 373 So.2d 718 (Fla. 3d DCA 1979), the defendant filed a motion under Fla.R. Crim.P. 3.850 alternatively seeking to vacate either the judgment and sentence for aggravated battery committed with a firearm, or the judgment and concurrent sentence on the separate charge of possession of a firearm in the commission of the aggravated battery. The trial judge set aside only the sentence on the possession charge and otherwise denied the motion. Jenrette has appealed, primarily arguing that the aggravated battery, instead of the possession, charge should have been vacated. We reject this contention.
Under the doctrine of State v. Pinder, 375 So.2d 836 (Fla. 1979), a defendant may not be convicted of two or more offenses which involve the same criminal acts. In such an instance, only a conviction for the greater charge may stand. Both aggravated battery, Sec. 784.045, Fla. Stat. (1979) and possession of a firearm in the commission of a felony, Sec. 790.07(2), Fla. Stat. (1979) are second degree felonies. However, under Sec. 775.087(2), Fla. Stat. (1979), only the aggravated battery, and not the possession charge requires a three-year minimum mandatory sentence. Because of the manifestly more severe sentencing consequences of aggravated battery,[1] we conclude that it is the "greater" of the two crimes,[2] and that the trial judge therefore properly declined to vacate that conviction.
The appellant's fall-back position is that the adjudication, as well as the sentence, on the possession count should be set aside. *782 On the authority of State v. Pinder, supra, and Hegstrom v. State, 388 So.2d 1308 (Fla. 3d DCA 1980), we agree and order that this be done after remand.
Affirmed in part, reversed in part.
NOTES
[1] In accordance with the statutory mandate, Jenrette was given eight years, subject to the three year mandatory requirement, for aggravated battery; and a five-year concurrent sentence, with no condition, on the possession count.
[2] Insofar as their elements are concerned, the crimes of which Jenrette was found guilty, aggravated battery committed by shooting the victim with a firearm and the possession and use of a firearm in the commission of the felony of aggravated battery, are identical. Neither is, in the usual sense, a "lesser included offense" of the other.