DOWNEY, Judge.
Appellant was charged in Count I with first degree murder, in Count II with attempted first degree murder, and Count III with armed robbery. He was convicted of second degree murder, attempted first degree murder, and robbery and subjected to consecutive sentences of 99 years, 30 years, and life.
Appellant entered the mobile home of Lionel and Germaine Goudreau. Appellant was armed with a pistol and demanded money. He took Lionel’s wallet and, after fruitless attempts to get more money, he said: “You don’t have any money. I am going to shoot you and you are going to die.” He then shot both Lionel and Ger-maine. Lionel died, but Germaine recovered.
Appellant contends the trial court erred in allowing cumulative fingerprint witnesses. However, at trial defense counsel conceded the allowance of such cumulative expert witness testimony was discretionary, and appellant has failed to demonstrate any abuse of discretion on the part of the trial court in permitting the cumulative expert witness testimony. In addition, the State had the burden of proof regarding the similarity of fingerprints and thus cumulative testimony appears reasonable.
Another asserted trial error involved allowing the State to adduce evidence from one of its fingerprint experts showing that he had been first hired in the case by the defense. Appellant also complains that the State asked Germaine if her husband was dead, to which she answered in the affirmative. No error has been demonstrated by these rulings.
Appellant’s second point contends that the trial court erred in sentencing appellant for the robbery conviction since robbery was the basis for the jury’s finding the appellant guilty of second degree murder and attempted first degree murder. Appellant relies mainly on State v. Pinder, 375 So.2d 836 (Fla.1979). There the Supreme Court held that a defendant cannot be convicted of and punished for first degree murder and two other felonies where the evidence to sustain the murder conviction was furnished solely by proof that the homicide occurred as a result of the commission of an underlying felony or felonies. However, the Court went on to point out that:
Had there been evidence of premeditation. .. there would be no question that Pinder could have been convicted of the first-degree murder, burglary, and the sexual battery because, in that event, proof of the felony would not have been necessary to sustain the murder conviction. 375 So.2d at 839.
In the present case the evidence to sustain the second degree murder conviction and the attempted first degree murder conviction did not come from proof that the homicide and the attempted homicide oc *1051 curred solely as a result of the commission of the robbery. . Proof of the homicide and the attempted homicide came from Mrs. Gondreau, who testified that the appellant, at gunpoint, took Mr. Gondreau’s wallet which contained “a little money.” Appellant then looked through Mrs. Gondreau’s handbag and her sewing basket, searching for money. After these acts appellant then told Mr. and Mrs. Gondreau he was going to shoot and kill them. He then shot both Mr. and Mrs. Gondreau, killing him and wounding her. Under these circumstances the trial court properly adjudicated appellant guilty of robbery and properly imposed sentence for the robbery as well as the second degree murder and the attempted first degree murder. State v. Pinder, supra. Thus, appellant’s reliance on Pinder for reversal of the conviction and sentence on the robbery count is misplaced.
The judgments and sentences appealed from are affirmed.
AFFIRMED.
LETTS, C. J., and MOORE, J., concur.