FERGUSON, Judge.
After trial by jury the appellant Groomes was found guilty of first degree murder, burglary and robbery. He was sentenced to life imprisonment for first-degree murder and placed on a consecutive life term of probation for the burglary. For the robbery conviction, sentence was suspended. From the convictions and sentences appellant brings this appeal raising four issues: (1) for the capital offense of murder defendant should have been tried by a twelve-man jury; (2) the confession was inadmissible because the defendant, a juvenile at the time of his arrest, was interrogated at the police station in violation of Section 39.03, Florida Statutes (1979); (3) the court erroneously permitted conviction of both the felony murder and the underlying felony; (4) the circuit court was without jurisdiction to try defendant, a juvenile, on Count III of the indictment which charges a non-life felony.
We find the first point on appeal not properly preserved for review. The record reveals a stipulation entered into between the state and the defendant whereby the state expressly waived the death penalty in exchange for the defendant’s waiver of his right to be tried by a jury of twelve persons, and an agreement to be tried instead by a jury of six persons. The stipulation is executed by the assistant state attorney, counsel for the defendant, the defendant himself and the defendant’s mother. There is also in the record, without contradiction, a report of a psychiatrist that the defendant has an “awareness of the requirements of the law”. Appellant never objected to the stipulation below either during trial or in his motion for new trial.
*1141 We note, however, that the United States Supreme Court has held that one charged with a serious crime may dispense with his constitutional right to a jury trial, Adams v. United States ex rel. McCann, 317 U.S. 269, 278, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942) either by waiver of a jury trial altogether or by consenting to a trial by fewer than the required number of jurors. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930).[1] In State v. Garcia, 229 So.2d 236 (Fla.1969), the Supreme Court of Florida cited Patton, supra, in finding that:
Inherent in a privilege of a jury trial constitutionally preserved for the defendant is the right to waive it.
In addition, Florida Rule of Criminal Procedure 3.260 specifically provides for waiver of a jury trial.
This court has previously held that when the state has waived the right to seek the death penalty, the defendant could agree, with the consent of the state, and approval of the court, to be tried by a six-person jury. Roth v. State, 385 So.2d 114 (Fla. 3d DCA 1980). In Groomes’ case the waiver was in writing, Powers v. State, 370 So.2d 854 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla.1979), there was consent of the state, State ex rel. Gerstein v. Baker, 339 So.2d 271 (Fla. 3d DCA 1976), and there was acknowledgment and implicit approval of the waiver by the Court. Because the issue of waiver was not properly preserved for appeal, however, we do not decide whether “court approval” requires either an explicit record finding of voluntariness by the court or an in-court signature under Florida Rule of Criminal Procedure 3.260. Cf. Fed.R.Crim.P. 23(a) (requiring court inquiry into voluntariness). See also Quartz v. State, 258 So.2d 283 (Fla. 3d DCA 1972), cert. denied, 263 So.2d 825 (Fla.1972) (waiver in open court will substitute for judicial determination of voluntariness).
The second point on appeal is also without merit. A reliance on Section 39.-03(3)(a), Florida Statutes (1979), is unavailing. That statute provides that a child taken into custody for violation of the law shall be taken to the appropriate intake officer “without unreasonable delay.” Appellant was taken into custody at the Miami Police Station at 9:15 a. m. Shortly thereafter, his mother was summoned to the police station. At the police station the defendant was read his rights and then interrogated in the presence of his mother. He gave a full confession which was then repeated and video taped. Shortly after noon he was delivered to an intake officer at Youth Hall. We find that the delay between the taking into custody and delivery to Youth Hall was not unreasonable.
Count I of the indictment charges that the defendant, in concert with others, did jointly strike and assault the victim during the perpetration of a burglary or robbery, and that the victim died from wounds suffered in the attack. Either the felony of burglary or robbery suffices an underlying felony for the purpose of sustaining the first-degree murder conviction in Count I. Appellant correctly argues that the imposition of punishments for felony-murder and the underlying felony violates the double jeopardy clause of the Fifth Amendment to the United States Constitution. Whalen v. United States,[2] 445 U.S. *1142 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). The court obviously considered robbery as the underlying felony in support of the first-degree murder conviction on Count I and thus suspended entry of a sentence for the robbery. We reverse the conviction of robbery on the authority of Whalen, supra, State v. Pinder, 375 So.2d 836 (Fla.1979).
In the final point of this appeal, the jurisdiction of the circuit court to try the defendant as an adult for the non-life felony of robbery is challenged. Appellant contends that absent the waiver of jurisdiction by the juvenile division, a juvenile must be initially charged by a delinquency petition unless charged with a capital or life felony even where the crime arises out of the same incident that may be tried before the adult court. We find it unnecessary to address this issue as it is rendered moot by a disposition of Point III of this appeal.
The conviction and sentence for first-degree murder and burglary are affirmed, the conviction for robbery is reversed, and the cause is remanded to the trial court for correction of sentence accordingly.

. In Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), the Supreme Court upheld Section 913.10, Florida Statutes (1967) providing for a six-person jury in non-capital criminal cases. See also Article I, Section 22 of the Florida Constitution providing for a jury of not fewer than six. In Ballew v. Georgia, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978), the Court held that the Sixth Amendment to the United States Constitution requires a jury be composed of at least six persons. Under the rationale of Patton, supra, a person should be able to effectively waive this substantive right to a six-person jury.

. The Supreme Court in Whalen, supra, held that court imposition of consecutive sentences for conviction of first-degree murder committed in perpetration of the underlying felony-rape violated the double jeopardy clause of the Fifth Amendment because (a) there was no legislative authorization for imposition of consecutive sentences under the statutes involved and (b) the legislature had intended that rape be considered a lesser included offense to that of killing the victim in perpetration of the same rape thereby precluding imposition of double sentences. See Whalen, supra at n.8, 445 U.S. 694, 100 S.Ct. 1439, 63 L.Ed.2d 725. The court *1142 in Whalen, Id., cited with approval, Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (conviction for felony murder banned subsequent prosecution for underlying felony of robbery); United States v. Greene, 489 F.2d 1145, 1158 (D.C.Cir.1973), cert. denied, 419 U.S. 977, 95 S.Ct. 239, 42 L.Ed.2d 190 (1974) (charge of felony-murder included every essential fact element of underlying felony).
The Court’s decision in Whalen, has created certain confusion apparent in recent Florida decisions, see generally, Wooten v. State (Fla. 3d DCA 1981) (Case No. 78-1622, opinion filed June 16, 1981); Damon v. State, 397 So.2d 1224 (Fla. 3d DCA 1981); Monroe v. State, 396 So.2d 241 (Fla. 3d DCA 1981) (certifying question to Florida Supreme Court); Borges v. State, 394 So.2d 1046 (Fla. 4th DCA 1981) (certifying question to Florida Supreme Court).
We find, however, that the instant case — as must all cases involving separate convictions and sentencing for both the underlying felony and the felony-murder under Florida law — falls squarely within the Whalen test for double jeopardy. Like the situation in Whalen, we find no express legislative intent that consecutive sentences be imposed for the underlying felony and the felony-murder. Compare § 23-112 of the District of Columbia Code (1973) discussed in Whalen, supra, and footnote 8 in Whalen, supra, with Section 775.021(4), Florida Statutes (1979) and category three of Brown v. State, 206 So.2d 377 (Fla.1968) as explained at pages 381-2. See also Illinois v. Vitale, 447 U.S. 410, 420, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228, 238 (1980) (stating that in Harris, supra, the Court: “for purposes of the Double Jeopardy Clause . .. treated a killing in the course of a robbery as itself a separate statutory offense, and the robbery as a species of lesser included offense.”); Stephans v. Zant, 631 F.2d 397, 401 (5th Cir. 1980) (as felony murder is defined under Georgia law, the underlying felony is a lesser included offense of felony-murder and the same offense under Blockburger). Consistent, therefore, with Florida law, the courts may under Whalen prohibit imposition of consecutive sentences under the felony-murder statute.
This conclusion is supported by the Court’s decision subsequent to Whalen, supra, in Albernaz v. United States, - U.S. -, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). In Albemaz, the Court applied the Blockburger test to identify congressional intent. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (whether each statutory provision requires proof of fact which the other does not). In Albemaz, the Court permitted consecutive sentences for separate violations involving conspiracy to import and conspiracy to distribute marijuana because it expressly found that the Blockburger test was met: the two relevant statutes required proof of a fact that the other did not. Albernaz, supra, at - U.S. -, 101 S.Ct. 1141-42, 67 L.Ed.2d 281. The Court also stated that the legislature is assumed to have legislated with the Blockburger rule in mind. Id. at - U.S., 101 S.Ct. 1144, 67 L.Ed.2d 283. Similarly, we must assume that the Florida legislature knew what it was doing; that when it failed to expressly provide for consecutive sentences for felony-murder and the underlying felony it perceived that proof of an underlying felony as a necessary part of proof of the felony-murder conviction involves no proof which is not required in proving the underlying felony. See Pinder, supra.
The Supreme Court has consistently held that cumulative punishments may not be imposed unless each statutory offense required proof of a fact that the other did not and have applied the Blockburger rule to determine legislative intent. We do the same. See Simpson v. United States, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). Cf. Busic v. United States, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980) (applying Simpson, supra, and principle of enhanced punishment to statutory interpretation).