401 So.2d 1343 (1981)
STATE of Florida, Petitioner,
v.
Dennis Andrew HEGSTROM, Respondent.
No. 59893.
Supreme Court of Florida.
July 30, 1981.
*1344 Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender, and Peter Raben, Asst. Public Defender, Miami, for respondent.
ENGLAND, Justice.
In State v. Pinder, 375 So.2d 836 (Fla. 1979), we held that the double jeopardy clause of the fifth amendment to the Constitution prohibits multiple convictions and punishments in the same trial for both first-degree murder and the underlying felony from which the murder results. Following our directive, the Third District Court of Appeal vacated Dennis Hegstrom's conviction and sentence for the underlying felony of robbery in a felony murder case.[1]. The state asks that we reconcile differing applications of Pinder,[2] and that we reconsider it in light of two subsequent double jeopardy decisions of the United States Supreme Court. Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); Albernaz v. United States, ___ U.S. ___, 101 S.Ct. 1137, 67 L.Ed.2d 275 (U.S. 1981).
Preliminarily, we dispose of the state's suggestion that the district court should be reversed inasmuch as Hegstrom's conviction can be sustained on the basis of premeditated, rather than felony, murder.[3] Were we do so, of course, the double jeopardy issue raised by Pinder would not be reached, let alone resolved. We categorically decline to accept the case for review on one basis and then reweigh the evidence, once reviewed by the district court, in order to avoid a ruling on the legal issue which provoked our jurisdiction. As the 1980 constitutional amendment to our jurisdiction made clear, we will not provide a second record review of cases already resolved by the district courts of appeal.[4] We take this case as we find it with respect to factual determinations, and the Third District Court of Appeal found no evidence of premeditation.
At issue here is the constitutionality of multiple punishments in a single trial setting for discrete crimes arising out of the same offense. In the felony-murder setting of Pinder, we held that the double jeopardy clause of the fifth amendment barred the imposition of cumulative convictions and punishments for both felony murder and the underlying felony in a single criminal proceeding. We based this decision on our interpretation of Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and Harris v. Oklahoma, 433 U.S. 682, 97 *1345 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), two cases forbidding the imposition of cumulative punishments for the same offense in successive prosecutions. An extension of Brown and Harris to a single trial setting seemed natural in light of those and other Supreme Court decisions.[5] Many other states reached the same conclusion.[6] We now have the benefit of a more refined analysis of double jeopardy by the Supreme Court.
In Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the Supreme Court reiterated earlier pronouncements that double jeopardy protects "not only against a second trial for the same offense, but also `against multiple punishments for the same offense.'" Id. at 688, 100 S.Ct. at 1436 (quoting North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). Whalen emphasized, however, that Congress defines offenses and determines the proper punishment for multiple offenses arising from a single criminal episode. Applying the double jeopardy test first announced in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Court concluded that Congress did not intend cumulative punishments for rape and murder committed during the course of rape because the conviction of the felony murder offense could not be had without proving the lesser included offense of rape. In the absence of a clear contrary legislative intent, the Blockburger test must be met before multiple punishments are permissible. Under Blockburger, the same act violates two statutes only if "each [statutory] provision requires proof of a fact which the other does not." Id. at 304, 52 S.Ct. at 182.
In Albernaz v. United States, ___ U.S. ___, 101 S.Ct. 1137, 67 L.Ed.2d 275 (U.S. 1981), the Court ruled that double jeopardy did not bar the imposition of cumulative sentences for conspiracy to import marijuana and conspiracy to distribute marijuana even though one transaction gave rise to both offenses. Relying on Whalen, the dispositive question was whether the legislature intended to authorize separate punishments for the differing offenses. Thus, under Whalen and Albernaz, it is now clear that the fifth amendment presents no substantive limitation on the legislature's power to prescribe multiple punishments, and that double jeopardy seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense.[7] To hold that the legislature might violate the Constitution by authorizing too many punishments for a single act "demands more of the Double Jeopardy Clause than it is capable of supplying."[8]
In light of Whalen and Albernaz, we have reconsidered our Pinder decision and now believe our reliance on successive prosecution cases was misplaced.[9] At least three members of the Supreme Court have specifically declared that Harris does not apply to multiple punishment, single trial problems.[10]
*1346 Our sole inquiry now is to determine what punishment our legislature authorized for a single criminal transaction involving two or more separate, statutory offenses. Section 775.021(4), Florida Statutes (1979), supplies the answer. It states:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode... .
Because the crime of first-degree murder committed during the course of a robbery requires, by definition, proof of the predicate robbery, the latter is necessarily an offense included within the former. Under Whalen's legislative intent test[11] and our statute, it would follow that Hegstrom could not be sentenced both for felony murder and for the underlying felony. But we see nothing in Blockburger which bars multiple convictions for lesser included offenses.
As a last ditch effort to sustain multiple punishments here, the state argues on the basis of an hypothecated legislative intent that felony murder episodes were to be excluded from the operation of section 775.021(4). The state reasons that the statute was enacted subsequent to Slater v. State, 316 So.2d 539 (Fla. 1975),[12] in which we held that robbery and murder committed during the course of the felony were two separate offenses allowing the imposition of two separate sentences. From this chronology the state infers that the legislature "intended" to preserve our decision and to exclude from what it wrote double sentences for felony murder and the underlying felony.[13]
We reject the state's contention. Judicial decisions before an enactment do not stand as independent beacons of legislative intent to explain an otherwise unambiguous statute. Section 775.021(4) is specific, and the lesser included offenses are exempt from multiple sentencing.
For the reasons expressed, we recede from Pinder, but affirm that part of the district court's judgment vacating Hegstrom's separate sentence for robbery. Hegstrom's multiple convictions, however, present another matter. Although our opinions have not been entirely consistent on whether double jeopardy forbids double convictions as well as double sentencing,[14] the absence of double jeopardy and Blockburger constraints in this situation returns our attention to an analysis of legislative intent. Section 775.021(4), of course, expressly bars only multiple sentences. An implication exists that the legislature did not intend to prohibit multiple convictions, one which is bolstered by the designation of robbery and of felony murder as separate and discrete criminal acts. Accordingly, we reverse the district court's decision vacating Hegstrom's conviction. We remand this case to the district court for further proceedings consistent with this decision.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Hegstrom v. State, 388 So.2d 1308 (Fla. 3d DCA 1980).
[2] King v. State, 390 So.2d 315 (Fla. 1980), cert. denied, ___ U.S. ___, 101 S.Ct. 1529, 67 L.Ed.2d 825 (1981); Wright v. State, 380 So.2d 550 (Fla. 2d DCA 1980). Our jurisdiction is predicated on article V, section 3(b)(3), Florida Constitution.
[3] Hegstrom was charged with first-degree murder, committed either with premeditation or in the perpetration of a robbery. The district court found "no evidence of premeditated design to support the jury's verdict of first-degree murder on [the theory of premeditated murder.]" 388 So.2d at 1309.
[4] England, Hunter & Williams, Constitutional Jurisdiction of the Supreme Court of Florida: 1980 Reform, 32 U.Fla.L.Rev. 147 (1980).
[5] See, e.g., Iannelli v. United States, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). See generally Westen & Drubel, Toward A General Theory Of Double Jeopardy, 1978 Sup.Ct.Rev. 81.
[6] See Whalen v. United States, 445 U.S. 684, 699 n. 3, 100 S.Ct. 1432, 1442 n. 3, 63 L.Ed.2d 715 (1980) (Blackmun, J., concurring) (citing authorities from other states).
[7] See generally Note, Twice In Jeopardy, 75 Yale L.J. 262, 266-67 (1975).
[8] See Westen & Drubel, supra note 5, at 113.
[9] Contra, Sours v. State, 603 S.W.2d 592 (Mo. 1980), cert. denied, ___ U.S. ___, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981), in which the Missouri Supreme Court reconsidered its decision regarding multiple punishments in light of Whalen. The majority found that the legislature clearly intended to impose cumulative punishments for separate degrees of robbery and armed criminal action under a criminal action statute. On this basis, it distinguished Sours from Whalen and applied a double jeopardy bar to multiple punishments in a single trial setting.
[10] Justice Blackmun in his concurrence in Whalen points to Pinder as one of several decisions which erroneously applied Harris to double punishment cases for felony murder and its predicate felony. 445 U.S. at 699 n. 3, 100 S.Ct. at 1442 n. 3 (Blackmun, J., concurring). Justice Rehnquist, joined by Chief Justice Burger, also concluded in his dissent that reliance upon Harris was improper. Id. at 700-01, 100 S.Ct. at 1442-43 (Rehnquist, J., dissenting).
[11] 445 U.S. at 692, 100 S.Ct. at 1438.
[12] Subsection four was added to section 775.021 in 1976. Ch. 76-66, § 1, Laws of Fla.
[13] The state relies upon the general rule that the legislature is presumed to know existing judicial constructions of the law when enacting a statute. Williams v. Jones, 326 So.2d 425 (Fla. 1975), appeal dismissed, 429 U.S. 803, 97 S.Ct. 34, 50 L.Ed.2d 63 (1976).
[14] Compare Mahaun v. State, 377 So.2d 1158 (Fla. 1979) (sentence and conviction vacated) with King v. State, 390 So.2d 315 (Fla. 1980) (sentence vacated but conviction preserved), cert. denied, ___ U.S. ___, 101 S.Ct. 1529, 67 L.Ed.2d 825 (1981).