GLICKSTEIN, Judge.
Kenneth Matus was shot and killed while visiting in the house of Eugene Hicks. Appellant and Marcel Cardenas were indicted for his murder and for robbery of two handguns belonging to Mr. Hicks. In sepa *266 rate trials Cardenas was acquitted and appellant was convicted of second degree murder and robbery. He was sentenced to two concurrent thirty year terms of imprisonment, which were subsequently reduced to concurrent twenty year terms. We affirm.
Hicks testified that between 6:30 and 7:00 P.M. on the day in question the front doorbell rang. He peered through a window and saw appellant and Cardenas outside. When Hicks opened the door appellant burst into the room with a gun drawn and put the gun to Hicks’ head. When Matus entered the room Cardenas fired a shot at him, which missed, and ordered him to lay on the floor. Hicks told the intruders there was $500 in the kitchen after Cardenas asked for large sums of money, but Cardenas ignored the $500, ransacked the house and returned with two of Hicks’ handguns, a .38 Colt Special and a Cobra. Cardenas gave the Cobra to appellant and kept the Colt. Cardenas again demanded money and then fired two shots into the floor and one into the head of Matus.
It was one of the defense theories that Hicks, not appellant, shot the victim. To that end defense counsel brought out that Hicks was a convicted drug smuggler and that Matus was killed with the Hicks handgun. On cross-examination of Hicks, counsel asked whether Cardenas had told Hicks that Matus was a confidential informer. The question was objected to as being hearsay and sustained on that ground. Appellant’s first point on appeal is that the question did not call for hearsay and that its rejection was harmful error. Although appellant argued before the trial court that the response sought would be evidence of the witness’ state of mind and accordingly not hearsay, he did not make a proffer to show that the witness in fact did believe that Matus was a confidential informer. Absent such proffer, we cannot consider whether the alleged error would require a reversal. Whitted v. State, 362 So.2d 668, 672 (Fla.1978); Gaines v. State, 244 So.2d 478 (Fla. 4th DCA 1970).
We next consider the contention by appellant that it was double jeopardy to convict him of second degree murder and robbery. He relies on State v. Pinder, 375 So.2d 836 (Fla.1979), which held that if an underlying felony is indispensable to a murder conviction, a defendant cannot be convicted of both felony murder and the underlying felony. The Florida Supreme Court, however, has receded from Pinder insofar as double jeopardy does not bar conviction of the underlying felony in addition to conviction of felony murder. State v. Hegstrom, 401 So.2d 1343 (Fla.1981). Further, Hegstrom held that although the conviction may stand, the imposition of a sentence for the underlying felony is impermissible under Section 775.021(4), Florida Statutes (1979) if the murder conviction can only be sustained on the basis of felony murder.
The indictment in Count II sub judice charged appellant with premeditated murder. As recited in the verdict the jury found appellant “guilty of murder in the second degree, a lesser included offense of Count II — murder in the first degree, as set forth in the indictment.” Since the basis for the murder conviction was independent of the conviction for robbery, it was not error to sentence appellant for both crimes.
Appellant has pointed out that the corrected sentence erroneously reflects conviction of first degree murder. We must remand for correction of the “corrected” sentence. As appellant noted in his brief, he need not be present for the correction.
We consider appellant’s other point to be without merit.
AFFIRMED and REMANDED.
ANSTEAD and MOORE, JJ., concur.