413 So.2d 757 (1982)
STATE of Florida, Petitioner,
v.
Terrell THOMPSON, Respondent.
No. 60610.
Supreme Court of Florida.
April 22, 1982.
*758 Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., Miami, for petitioner.
Geoffrey C. Fleck and Richard A. Sharpstein of Weiner, Robbins, Tunkey & Ross, Miami, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the Third District Court of Appeal reported as Thompson v. State, 397 So.2d 354 (Fla. 3d DCA 1981). We find direct conflict with our decision in State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). See art. V, § 3(b)(3), Fla. Const. The issue in the instant case concerns the constitutionality of multiple punishments arising out of a single incident, one sentence for first-degree felony murder and one sentence for attempted robbery, when the attempted robbery is a necessary element of the murder charge. This Court held in Hegstrom that under these circumstances it is permissible to convict a defendant of both felony murder and the underlying felony but that only one sentence, for the greater offense, is proper.
In the instant case, respondent was convicted and sentenced for attempted robbery and felony murder. The district court upheld the felony murder conviction and sentence but reversed the conviction and sentence for attempted robbery, holding that under State v. Pinder, 375 So.2d 836 (Fla. 1979), one could not be convicted and sentenced for both felony murder and the underlying felony. In this appeal, the state first seeks that we review the evidence and find that respondent was appropriately convicted of premeditated first-degree murder, not felony murder. We reject this contention. Again, as in Hegstrom, we decline to accept this case for review on one basis and then reweigh the evidence reviewed by the district court in order to avoid ruling on the real issue that brought the case to us.
The state next asks that we, in any event, reinstate respondent's conviction for attempted robbery in accordance with Hegstrom. Respondent concedes that ordinarily our decision in Hegstrom would control and that an affirmance of his conviction for attempted robbery would be proper. But he argues that, because his crime and conviction occurred before our Hegstrom decision issued, that decision cannot apply, and that reinstatement of the attempted robbery conviction would constitute an ex post facto violation. We are unpersuaded by this argument. The United States Supreme Court has addressed this issue in Marks v. United States, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977), in which it said:
The Ex Post Facto Clause is a limitation upon the powers of the Legislature ... and does not of its own force apply to the Judicial Branch of government.... But the principle on which the Clause is based  the notion that persons have a right to fair warning of that conduct which will give rise to criminal penalties  is fundamental to our concept of constitutional liberty.
Id. at 191, 97 S.Ct. at 992 (emphasis ours).
Respondent was properly convicted of felony murder and attempted robbery. The statutes enumerating those crimes existed at the time of respondent's offense. Respondent clearly, therefore, had more than *759 "fair warning" that his acts constituted crimes against the people of the State of Florida and that he could possibly be punished for both. Our application to respondent of Hegstrom is clearly not an ex post facto application of that decision.
Accordingly, we reverse that portion of the district court's decision which sets aside respondent's attempted robbery conviction and affirm the remainder of the opinion, including the vacation of the sentence for attempted robbery. The cause is remanded to the trial court for reinstatement of respondent's attempted robbery conviction.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ALDERMAN and McDONALD, JJ., concur.