413 So.2d 872 (1982)
Charlie MARSHALL, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1177.
District Court of Appeal of Florida, Third District.
May 18, 1982.
*873 Bennett H. Brummer, Public Defender, and Alan R. Dakan, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before SCHWARTZ and NESBITT, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.

ON MOTION FOR REHEARING GRANTED
NESBITT, Judge.
The defendant seeks reversal of his conviction for the offenses of: (1) murder in the second degree; and (2) unlawful possession of a firearm during the commission of a felony.
He contends the trial court erred in denying his motion at trial to exclude the testimony of a material witness offered by the state because that witness had twice failed to appear for deposition requested by defense counsel. No attempt was made to demonstrate that the state had willfully procured the witness' nonattendance or furnished the defendant with a residence address from which the witness could not be properly subpoenaed. The defendant's counsel had a copy of this witness' sworn statement and plausibly could anticipate what her testimony at trial would be.
We entirely agree with the state that, under the circumstances presented, the court was not required to make the inquiry that is normally required under Richardson v. State, 246 So.2d 771 (Fla. 1971). Without a showing of some wrongdoing on the part of the state, there was no error in the refusal to dismiss the proceeding due to the failure of a witness, subpoenaed by the defense, to appear for discovery purposes. Mason v. State, 375 So.2d 1125, 1127 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 639 (Fla. 1980). Nor is the state responsible to keep track of important witnesses so as to be able to produce them for the defendant's discovery. Knight v. State, 373 So.2d 52, 53 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 761 (Fla. 1980).
The defendant received concurrent sentences of fifteen years for his conviction of murder in the second degree and unlawful possession of a firearm during the commission of the homicide. However, because he possessed a firearm during the commission of the second degree murder, a three-year minimum mandatory provision was imposed as to that sentence, as required by Section 775.087(2), Florida Statutes (1979).
In our initial opinion released July 21, 1981, we reversed the defendant's conviction for the display of a firearm during the commission of a felony based upon the then extant case of State v. Pinder, 375 So.2d 836 (Fla. 1979). After our opinion was released, the Supreme Court, in State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), receded from State v. Pinder, supra, and upheld the propriety of adjudicating the defendant for separate statutory offenses which arise during the same criminal episode. Consequently, we granted the state's petition for rehearing based on State v. Hegstrom, supra, and now affirm the defendant's conviction.
The remaining question is whether the defendant may be sentenced for both the use of a firearm during the commission of *874 second degree murder and second degree murder, with a firearm.
Under Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) and Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), as articulated in State v. Hegstrom, supra, it is clear that the Fifth Amendment presents no substantive limitation on the Legislature's power to prescribe multiple punishments and double jeopardy seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense. Nor do we find that the Legislature has procedurally imposed any such limitation by the adoption of Section 775.021(4), Florida Statutes (1979) except that the defendant may not be sentenced separately where one offense is a lesser included of the other.
The Florida Supreme Court's decisions in Cone v. State, 285 So.2d 12 (Fla. 1973), Johnson v. State, 366 So.2d 418 (Fla. 1978), White v. State, 377 So.2d 1149 (Fla. 1980), and State v. Monroe, 406 So.2d 1115 (Fla. 1981), wherein separate sentences were deemed impermissible, were impliedly based on the finding that the use of a firearm during the commission of a robbery was a lesser included offense of the robbery. Those decisions have failed to recognize that the use of a firearm during the commission of a felony and the commission of a felony by the use of a firearm have common and virtually identical elements.[1] Having proven each and every element of the commission of a felony with the use of a firearm, each and every element of the use of a firearm in the commission of a felony will have been satisfied.[2] Consequently, neither is a lesser included offense of the other. Jenrette v. State, 390 So.2d 781 (Fla.3d DCA 1980).
In the latest of these cases, this court, in Monroe v. State, 396 So.2d 241 (Fla.3d DCA 1981), certified to the Supreme Court the propriety of multiple convictions at a time when State v. Pinder, supra, and Mahaun v. State, 377 So.2d 1158 (Fla. 1979) [which seemingly would have found multiple convictions to be impermissible] were extant. We neglected to certify the follow-up question as to whether, if the convictions were upheld, multiple sentences for the use of a firearm during the commission of a felony and the commission of a felony by the use of a firearm would be proper. The Supreme Court decided that multiple convictions were proper but that multiple sentences were not, on the assumption flowing from State v. Hegstrom, supra, that one offense was a lesser included of the other. As a result, the Court summarily decided that multiple sentences were improper.
In order to afford the Supreme Court an opportunity to revisit its decisions in Cone, Johnson, White, and Monroe, and in light of State v. Hegstrom, supra, we certify to the Supreme Court of Florida, as a question of great public importance, the question as to whether trial courts are empowered to impose separate punishments for the separate statutory offenses of the use of a firearm during the commission of a felony and the commission of that same felony by the use of a firearm.
Nonetheless, in obedience to the results mandated by State v. Monroe, supra, we reverse the defendant's separate sentence for the offense of unlawful possession of a firearm during the commission of a robbery. In all other respects, his multiple convictions and sentences for the offense of robbery are affirmed.
Affirmed in part and reversed in part with directions.
NOTES
[1] Aptly described as "mirror image offenses" by Judge Daniel S. Pearson of this court.
[2] Clearly, this does not meet the Supreme Court's definition of a lesser included offense which states that, "[a] less serious offense is included in a more serious one if all of the elements required to be proven to establish the former are also required to be proven, along with more, to establish the latter." [emphasis supplied] Borges v. State, ___ So.2d ___ (Fla. 1982) (Case no. 60,381, opinion filed April 8, 1982).