415 So.2d 108 (1982)
The STATE of Florida, Appellant,
v.
William R. RUSSO, Appellee.
No. 81-1996.
District Court of Appeal of Florida, Third District.
June 15, 1982.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellant.
Eric William Hendon, Miami, for appellee.
Before HUBBART, C.J., and BARKDULL and JORGENSON, JJ.
JORGENSON, Judge.
William Russo was charged by indictment with first degree murder and attempted robbery. Pursuant to a plea agreement, the defendant pled guilty to second degree murder and attempted robbery. The trial court sentenced the defendant to life imprisonment on the second degree murder count and a consecutive sentence of thirty years on the attempted robbery count. Judgment and sentence were entered on February 12, 1979. On August 26, 1981, Russo filed a motion to vacate the consecutive thirty-year sentence on the attempted robbery count. The trial court, through a successor judge, granted the motion, vacated the sentence and conviction, and dismissed the attempted robbery charge. At the hearing on the motion to vacate, Russo urged a single transaction theory which, he contended, under State v. Hegstrom, 401 So.2d 1343 (Fla. 1981) and Brown v. State, 206 So.2d 377 (Fla. 1968), required the trial court to vacate the sentence imposed with respect to the attempted robbery. That argument may have had merit following a trial. State v. Thompson, 413 So.2d 757 (Fla. 1982). However, in this case, the sentence imposed was the result of a plea agreement which contemplated not only the reduced charges, but also the consecutive sentences.[1]
*109 Russo, prior to plea, was faced with a charge of murder in the first degree. If convicted, he would have received a minimum mandatory twenty-five years in the State penitentiary or a possible death sentence. We cannot know what factors convinced Mr. Russo to enter into the plea agreement with the State. At least one of them could have been penalties which could have been imposed, had he been convicted of murder in the first degree, as charged. Russo cannot now be heard to complain that he did not have the benefit of his bargain, thereby substantially reducing his sentencing exposure. The principles that we applied in Oliver v. State, 379 So.2d 143 (Fla.3d DCA 1980) are equally applicable here. See also State ex rel. Miller v. Swanson, 411 So.2d 875 (Fla.2d DCA 1981).
For the reasons previously expressed, the order vacating the attempted armed robbery conviction and sentence is reversed and this cause remanded with directions to reinstate Count II of the indictment and the conviction and sentence imposed thereon.
Reversed and remanded with directions.
NOTES
[1] The pertinent portion of the plea colloquy is as follows:

THE COURT: Has your attorney explained to you as has been explained here, in open Court, that he, on your behalf, together with representatives of law enforcement agencies have entered into negotiations with regard to your case and have recommended to the Court that as to Count I of the Information, that you be sentenced to life in the State Prison and that 775.087 of the Florida Statutes is in effect, that is that you must serve a mandatory three years prior to being considered for parole; you understand that?
THE DEFENDANT: Yes, ma'am.
THE COURT: Do you understand that as to Count II of the Information, the negotiations are, and I will be following the recommendations and sentence you, as to Count II, to 30 years in the State Prison to run consecutive to Count I. Do you understand that?
THE DEFENDANT: Yes, ma'am.