# Third District Court of Appeal

## State of Florida

Opinion filed January 24, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2012
Lower Tribunal No. F77-724B
_____

**Eddie Slattery,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Eddie Slattery, in proper person.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.

Before EMAS, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Eddie Slattery, appeals from an order denying his successive motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. As he did below, Slattery contends that his simultaneous convictions for first-degree felony murder and the predicate qualifying felony are improper. The State, in turn, concedes that, for a finite time period, dual convictions were indeed barred in Florida, but contends this short-lived prohibition has never been applicable to the instant case. See Slater v. State, 316 So. 2d 539, 542 (Fla. 1975) (holding double jeopardy principles do not bar convictions for felony murder and underlying felony); State v. Pinder, 375 So. 2d 836, 839 (Fla. 1979) (briefly, for merely two years, concluding such dual convictions and sentences were improper); State v. Hegstrom, 401 So. 2d 1343, 1346 (Fla. 1981) (partially receding from Pinder, finding dual convictions are permissible, but dual sentencing is not); State v. Enmund, 476 So. 2d 165, 168 (Fla. 1985) (confirming there is no double jeopardy bar to dual convictions for felony murder and the underlying felony). We agree with the State. And having carefully reviewed the record, which was aptly characterized by the trial court as in "a state of disarray," it is evident that Slattery was convicted of first-degree premeditated murder as charged in the indictment, rather than felony murder. Accordingly, this

2

appeal is without merit, and we affirm the thorough and detailed order under review.

Affirmed.