THOMPSON, Judge.
Appellant McLeod was convicted and sentenced on two counts of attempted first degree murder, two counts of robbery using a firearm, and four counts of discharging a machine gun. The two counts of robbery using a firearm were the underlying felonies of the attempted first degree felony murders. Appellant Holmes was convicted and sentenced on two counts of attempted third degree murder, one count of robbery using a firearm, and three counts of discharging a machine gun. Two of the counts of discharging a machine gun were the underlying felonies of the attempted third degree felony murders. Both appellants raise on appeal, inter alia, the issue of whether the constitutional prohibition against double jeopardy prevents them from being convicted and sentenced for both attempted felony murder and the underlying felony.
At the time this appeal was taken conflict existed between the various appellate courts of this state on the issue of whether a defendant could be convicted of or sentenced for both felony murder and the underlying felony. Some courts held that a defendant could be neither convicted nor sentenced on the underlying felony. Others held that a defendant could be convicted but not sentenced for the underlying felony while still another held that a defendant could be both convicted and sentenced for the underlying felony. Our Supreme Court resolved these conflicts in State v. Enmund, 476 So.2d 165 (Fla.1985), holding that a defendant who is convicted of felony murder can also be convicted of and sentenced for the underlying felony. *6 The convictions and sentences of McLeod and Holmes on their underlying felonies are therefore affirmed.
We find no error in the remaining issues raised. The judgments and sentences are affirmed.
WENTWORTH and WIGGINTON, JJ., concur.