487 So.2d 1037 (1986)
STATE of Florida, Petitioner,
v.
Jules BOIVIN, Respondent.
No. 64368.
Supreme Court of Florida.
March 27, 1986.
Rehearing Denied May 30, 1986.
*1038 Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., Miami, for petitioner.
Jules M. Boivin, in pro. per.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, Miami, for respondent.
McDONALD, Justice.
We have for review yet another case because of conflict over what is and what is not a lesser included offense. We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and we quash in part and approve in part Boivin v. State, 436 So.2d 1074 (Fla. 3d DCA 1983).
In this case the district court relied on Bell v. State, 437 So.2d 1057 (Fla. 1983), and reversed Boivin's convictions of and sentences for aggravated battery and possession of a firearm during commission of a felony, finding these two crimes to be lesser included offenses of attempted murder. We recently revisited the subject of lesser included offenses in State v. Baker, 456 So.2d 419 (Fla. 1984), and restricted Bell to necessarily lesser included offenses. Applying Baker to the instant case, we find that the district court reached both a wrong result and a correct result.
The state charged Boivin with attempted first-degree murder (sections 777.04 and 782.04, Florida Statutes (1979)), aggravated battery (section 784.045, Florida Statutes (1979)), and possession of a firearm in commission of a felony (section 790.07, Florida Statutes (1979)). A comparison of the statutory elements of these crimes reveals that each requires proof of at least one fact which the others do not. Baker. In other words, each can be committed without necessarily committing either or both of the other crimes charged against Boivin. These crimes are, therefore, not necessarily lesser included offenses of attempted first-degree murder. See Baker; Scott v. State, 453 So.2d 798 (Fla. 1984); State v. Baker, 452 So.2d 927 (Fla. 1984); State v. Gibson, 452 So.2d 553 (Fla. 1984).
Not having the benefit of Baker, the district court erroneously analyzed the allegations and proof surrounding this incident rather than the statutory elements of the crimes charged against Boivin. Aggravated battery and possession of a firearm are not necessarily lesser included offenses of attempted first-degree murder. We find, however, no legislative intent or recognition that society needs multiple punishments for both aggravated battery and attempted first-degree murder where both the attempted murder and the aggravated battery caused no additional injury to another person or property. Mills v. State, 476 So.2d 172 (Fla. 1985). We therefore approve the district court's reversal of Boivin's conviction of and sentence for aggravated battery. We quash the reversal of his conviction of and sentence for possession of a firearm, however, and remand for affirmance of that conviction and sentence.
It is so ordered.
BOYD, C.J., and EHRLICH and SHAW, JJ., concur.
ADKINS, OVERTON and BARKETT, JJ., dissent.