495 So.2d 239 (1986)
Dion Michael CARAWAN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-123.
District Court of Appeal of Florida, Fifth District.
September 25, 1986.
*240 James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Dion Carawan was convicted of attempted manslaughter, aggravated battery and shooting into an occupied structure.[1] The issue in this case is whether Carawan can be convicted and sentenced for both aggravated battery and attempted manslaughter arising out of an incident in which the evidence, construed favorably for the state, shows that at least three shots were fired.
The Florida Supreme Court has held that it is improper to convict a person for aggravated battery and simultaneously for homicide as a result of one shotgun blast, since there is no legislative intent that multiple punishments be imposed where both the homicide, and the lethal act which caused it, resulted in no additional injury to another person or property. Mills v. State, 476 So.2d 172, 177 (Fla. 1985).
In State v. Boivin, 487 So.2d 1037 (Fla. 1986), the supreme court, in a four-three vote, held that the same legislative intent precludes conviction of both aggravated battery and attempted first-degree murder, even though neither crime is a necessarily lesser included offense of the other, where there is only one victim. See State v. Baker, 456 So.2d 419 (Fla. 1984).[2]But see § 775.021(4), Fla. Stat. (1985) (judgment and sentence for all crimes arising out of the same transaction proper unless same or necessarily lesser included offense). See also Green v. State, 475 So.2d 235, 237 (Fla. 1985), Shaw, J., concurring.
The state contends that Boivin is inapplicable in the instant case, since it appears that only one shot was fired there, whereas here the evidence shows that multiple shots were fired. Thus, the state argues multiple punishment is proper.
State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), marked the beginning of a succession of cases from the Florida Supreme Court which has caused the law of double jeopardy in this state to become, in the words of Lewis Carroll, "curiouser and curiouser."[3] Until the Florida Supreme Court ultimately resolves the issue, the decisions of the courts of appeal provide only precarious guidance to the litigants and to the public as a whole. Accordingly, pursuant to Florida Rule of Appellate Procedure 9.125, we decline to rule in this case and, instead, certify that the instant case requires immediate resolution by the Florida Supreme Court due to issues of great public importance.
*241 This court respectfully requests the supreme court to accept jurisdiction pursuant to Florida Rules of Appellate Procedure 9.125 and 9.030(a)(2)(B).
UPCHURCH, C.J., and SHARP, J., concur.
NOTES
[1] Carawan was initially charged with attempted first-degree murder and the other charges.
[2] Interestingly, the initial opinion of the court in Boivin, which was released one day before Mills, quashed the Third District's opinion based solely on the determination that aggravated battery was not a lesser included offense of attempted murder. See State v. Boivin, 487 So.2d 1037 (Fla. 1985).
[3] L. Carroll, Alice's Adventures in Wonderland, Vol. II (1865).