SMITH, Judge.
Appellant pled nolo contendere to attempted first degree murder and aggravated battery of Michael Jones, and battery of Michael Emerson. She was sentenced to two terms of fifteen years on the aggravated battery and attempted first degree murder charges, to run concurrent with *525 each other, and one year on the battery charge to run concurrent with the sentences for the other changes. She filed a motion for postconviction relief raising, among other things, the trial court’s error in imposing a judgment and sentence for both aggravated battery and attempted first degree murder. The trial court summarily denied her motion for postconviction relief and she appealed. We reverse.
In State v. Boivin, 487 So.2d 1037 (Fla.1986), the Florida Supreme Court ruled that aggravated battery is not a necessarily lesser included offense of attempted first degree murder. However, the court found no legislative intent or recognition that society needs multiple punishments for both aggravated battery and attempted first degree murder where both the attempted murder and the aggravated battery caused no additional injury to another person or property.[1] Accordingly, the court approved the district court’s reversal of Boivin’s conviction and sentence for aggravated battery.
The record before this court demonstrates that the attempted first degree murder and aggravated battery of Michael Jones did not cause any additional injury to another person or property. Therefore, pursuant to this court’s recent decision in Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), this court requested the assistant attorney general to show cause why it should not grant appellant postconviction relief by requiring that her conviction and sentence for aggravated battery be vacated pursuant to State v. Boivin.
The state’s response fails to distinguish the Florida Supreme Court’s decision in State v. Boivin. Accordingly, we reverse and remand this cause to the trial court for proceedings consistent with this opinion and the Florida Supreme Court’s opinion in State v. Boivin. The remaining points raised in appellant’s motion for postconviction relief are without merit.
REVERSED and REMANDED.
SHIVERS and ZEHMER, JJ., concur.

. See also, Crumley v. State, 489 So.2d 112 (Fla. 1st DCA 1986), pet. for rev. granted (Fla. Sept. 15, 1986) (No. 68,810) holding, on similar analysis, that aggravated battery and battery of law enforcement officer, although punishable under different statutory provisions, and separate and distinct crimes under the Blockburger test, could not be punishable as separate offenses where the sole victim is a law enforcement officer and there is only one battery.