DAUKSCH, Judge.
This is an appeal from an adjudication of delinquency where the appellant, as a result of one incident of forced sexual intercourse, was adjudged guilty of two delinquent acts.
Sexual battery of the type which occurred here used to be called rape. Rape, then and now, can be accomplished by two statutorily different methods. If it is done by using force or threats, then § 794.011(5) is violated and we used to call the crime “forcible rape.”
A person who commits sexual battery upon a person 12 years of age or older, without that person’s consent, and in the process thereof uses physical force and violence not likely to cause serious personal injury is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
A sexual battery is also committed if another statute is violated, which statute used to be known as the proscription against “statutory rape,” § 794.05.
§ 794.05 Carnal intercourse with unmarried person under 18 years.—
(1) Any person who has unlawful carnal intercourse with any unmarried person, of previous chaste character, who at the time of such intercourse is under the age of 18 years, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) It shall not be a defense to a prosecution under this section that the prosecuting witness was not of previous chaste character at the time of the act when the lack of previous chaste character in the prosecuting witness was caused solely by previous intercourse between the defendant and the prosecuting witness.
Here, this appellant committed an act which violates both statutes in that he forcibly had sexual intercourse with an unmarried, previously chaste victim under the age of 18.
The question then is whether it was proper to adjudicate him delinquent for violation of the two statutes or only one. Under a strict Blockburger[1] analysis, he can be guilty of both because there are essential elements in each which do not exist in the other.
Rather than apply the Blockburger test to this case, we are logically impelled to apply the State v. Boivin, 487 So.2d 1037 (Fla.1986), test, which we have described as the “ad hoc visceral search for legislative intent” test. See Barton v. State, 507 So.2d 638 (Fla. 5th DCA 1987).
The legislature, and many legislatures past, intend to prohibit non-consensual sexual intercourse; this lack of consent can be overcome in two ways. Force is one way the act can be committed without consent. The legislature has also deemed some per *1021 sons to be incapable of consent to sexual intercourse. Those persons are described in § 794.05 and are unmarried, under 18 and chaste. So, in our reasoning, this appellant committed a violation of one crime, sexual battery, even though his act violated two different statutes. His method involved not only forcing himself upon his victim, thus overcoming the lack of consent by force, but also having intercourse with one who is statutorily incapable of consent. This same method of “non-Blockburger” reasoning has been used in Houser v. State, 474 So.2d 1193 (Fla.1985), as well as Boivin. See also Mills v. State, 476 So.2d 172 (Fla.1985).
The adjudication of delinquency regarding a violation of § 794.05 is reversed.
AFFIRMED IN PART; REVERSED IN PART.
SHARP, J., concurs.
COBB, J., concurs specially with opinion.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).