SMITH, Chief Judge.
Appellant, Barbara T. Freeman, has filed a motion to enforce the mandate in this case.[1] Upon review of the record, we find, for the reasons below stated, that the motion should be and is denied.
A brief review of the facts will be helpful. The amended information, in count 1, charged that Freeman and Timothy D. Cal-licutt attempted to murder Michael Jones by cutting his throat with a knife. Count 2 pertains to Callicutt and is not pertinent. Count 3 charges Callicutt and Freeman with aggravated battery upon Michael Jones. Count 4 of the information charges that Freeman committed a battery upon Michael Emerson by striking him in the face with her hand or fist. Freeman pled nolo contendere to all three counts. She later filed a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure, alleging, among other things, that her convictions for aggravated battery and attempted first degree murder violated her double jeopardy rights since both of these charges arose from the very same incident. The trial court entered an order denying her motion for post-conviction relief attaching, among other things, a copy of the PSI, which contained the following recitation of facts explaining the criminal episode:
John Leslie Wilkins had been traveling west on Barrancas Avenue, on his motorcycle, when he had to swerve to miss the victim’s motorcycle which turned into the Embers Lounge. Mr. Wilkins followed the victim into the Embers Lounge, approached the victim, Jones, and began to berate him for his driving, whereupon the victim apologized. At this point, a white male and a white female, later identified as the defendant and codefend-ant, [Barbara Theresa Freeman and Timothy D. Callicutt, also known as John Henry Lambeth] arrived at the altercation and became belligerent toward the victim, Jones, and his passenger, Michael Emerson. At this point, the codefendant struck the victim, Jones, in the face with a closed fist and the defendant struck victim, Michael Emerson, two or more times in the face. The codefendant then chased Emerson north on Old Corry Road with what appeared to be a knife in his hand, however, did not catch Emerson and returned to the victim, Michael S. Jones, and began kicking him in the knees, shin, and groin area, shouting in a loud voice ‘get on your knees, I’m going to cut you.’ As this point the defendant approached the codefendant, removed a knife from the codefendant’s pocket, and slit the throat of the victim, whereupon both the defendant and codefendant fled the scene in a pickup truck.
Freeman appealed the denial of her Rule 3.850 motion to this court. From this court’s review of the facts, including those revealed by the portion of the PSI quoted above, it appeared that Freeman’s aggravated battery and attempted first degree murder conviction arose out of the same throat-cutting incident. Accordingly, this court entered an order requesting the state to show cause why this court should not grant Freeman relief under the Florida Supreme Court’s decision in State v. Boivin, 487 So.2d 1037 (Fla.1986).
When the state’s response failed to distinguish the Supreme Court’s decision in State v. Boivin, this court filed its opinion *721 in Freedman v. State, 498 So.2d 524 (Fla. 1st DCA 1986),[2] concluding with the following directions to the trial court:
The state’s response fails to distinguish the Florida Supreme Court’s decision in State v. Boivin. Accordingly, we reverse and remand this cause to the trial court for proceedings consistent with this opinion and the Florida Supreme Court’s opinion in State v. Boivin
[[Image here]]
Id. at 525.
Upon remand, the trial court again considered this cause in light of this court’s opinion and the Supreme Court’s decision in State v. Boivin. The trial court explained:
A further review of the Court file, the depositions and testimony of witnesses on file, and the presentence investigation report discloses that the defendant’s conviction on the two separate counts, charging aggravated battery and attempted first degree murder, resulted from two separate crimes against the same victim, and not from a single act, or as one offense and a lesser included offense.
On the date in question, the defendant and her co-defendant, acting in concert, assaulted the victim, beating him and breaking his jaw (great bodily harm). That assault was then abandoned, as the co-defendant pursued another- victim with his knife. After failing to catch the other victim, the co-defendant and the defendant then again attacked the victim and while the co-defendant held the victim, the defendant cut his throat with the co-defendant’s knife. It is evident from the evidence that the broken jaw did not result from the “single act” of cutting the throat with a knife, but resulted from the earlier fist attack. As the facts of this case show two separate and distinct acts resulting in two separate and distinct crimes resulting in two separate and distinct injuries, the facts of this case do not bring it within the rule pronounced in State v. Boivin, 487 So.2d 1037.
Accordingly, the trial court again denied appellant’s motion for post-conviction relief. Appellant did not timely appeal the trial court’s order, but instead, filed the present motion for enforcement of mandate. Because the trial court complied with this court’s directive in Freedman v. State, and in the subsequent proceeding, has entered an order explaining that no violation of State v. Boivin occurred, the motion for enforcement of mandate must be denied.
Motion DENIED.
SHIVERS and ZEHMER, JJ., concur.

. In addition to the record in this case, we have taken judicial notice of the record in Freeman v. State, Case No. BS-432, a case which was disposed of by unpublished administrative order.

. After this opinion was published, this court was advised that appellant spells her name Freeman rather than Freedman.