744 So.2d 1112 (1999)
Bryon GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2906.
District Court of Appeal of Florida, Fifth District.
October 8, 1999.
*1113 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, J.
Bryon Gordon appeals his convictions on Count I, attempted first degree murder with a firearm,[1] Count II, causing bodily injury during a felony,[2] Count III, aggravated battery causing great bodily harm with a firearm,[3] and Count IV, robbery with a firearm.[4] He argues that the trial court erred in entering convictions, albeit not sentencing, on Counts II and III after correctly determining that those counts were subsumed into Count I under a double jeopardy analysis. We find that Counts II and III were not subsumed into Count I and reverse and remand for sentencing on those counts.[5]
The victim testified that Defendant held a gun to his side, demanded his wallet, punched him in the face, then shot him while the wallet was being removed from his pocket. The injuries from the gunshot were life-threatening and left the victim scarred for life; there was no evidence of any injury from the punch to the face. Defendant was charged with the aforementioned counts. The trial court entered convictions on all four counts, but sentenced Defendant on only Counts I and IV based on its determination that Counts II and III were subsumed into Count I.[6] They were not.
In M.P. v. State, 682 So.2d 79, 81 (Fla.1996), the supreme court summarized the approach to be taken in determining whether double jeopardy applies:
In determining the constitutionality of multiple convictions and sentences for offenses arising from the same criminal *1114 transaction, the dispositive question is whether the legislature "intended to authorize separate punishments for the two crimes." Albernaz v. United States, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981); accord State v. Smith, 547 So.2d 613, 614 (Fla.1989). Legislative intent to authorize separate punishments can be explicitly stated in a statute, Albernaz, 450 U.S. at 340, 101 S.Ct. at 1142-43, or can be discerned through the Blockburger test of statutory construction. Blockburger, 284 U.S. at 304, 52 S.Ct. at 182. The Blockburger test, which is also called the "same-elements" test, inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars subsequent punishment or prosecution.
The Blockburger[7] test has been codified in Florida at subsection 775.021(4), Florida Statutes, which sets forth that it is the Legislature's intent to "convict and sentence for each criminal offense committed in the course of one criminal episode," but listing three enumerated exceptions to this test: offenses that require identical elements of proof, offenses that are degrees of the same offense as provided by statute, and offenses where the statutory elements of the lesser offense are subsumed by the greater offense. § 775.021(4)(b)1.-3., Fla. Stat. (1997).
The State argues, and we agree, that neither Court II nor Count III was subsumed into Count I because each contains an element that the other does not. Count I, the attempted first degree murder charge, has intent to kill as an element, while felony causing bodily injury does not. Likewise, felony causing bodily injury requires bodily injury; attempted first degree murder does not. As to Count III, aggravated battery causing great bodily harm, as charged, that count requires great bodily harm while Count I, attempted first degree murder, does not require great bodily harm, but does require intent to kill.
Defendant asserts, however, that Counts I, II, and III are merely "degrees of the same offense as provided by statute" so as to come within the exception in subparagraph 775.021(4)(b)2. to the legislative intent to convict and sentence for each criminal offense committed in the course of one criminal episode. In Sirmons v. State, 634 So.2d 153 (Fla.1994), the court held that dual convictions arising from a single incident based on the same core offense come within the statutory exception. Justice Kogan, in a concurring opinion, explained subparagraph 775.021(4)(b)2. as follows:
Florida's criminal code is full of offenses that are merely aggravated forms of certain core underlying offenses such as theft, battery, possession of contraband, or homicide. It seems entirely illogical, as I believe the legislature recognized, to impose multiple punishments when all of the offenses in question both arose from a single act and were distinguished from each other only by degree elements.
Sirmons, 634 So.2d at 155. See also State v. Anderson, 695 So.2d 309 (Fla.1997) ("We conclude that subsection 775.021(4)(b)(2) means just what it says: Multiple punishments are barred for those `crimes' that are degrees of the same underlying `crime.' As a general rule, degree crimes, or `degree variants,' are oftentimes denoted in the same statutory chapter, but such is not always the case.") (footnotes omitted).
We reject Defendant's subsumption argument. The charges are not different degrees of the same core underlying offense. Rather, they are aimed at two different evils: the Legislature has chosen to separately punish attempts to kill and the act of physically injuring someone.[8]See *1115 Carawan v. State, 515 So.2d 161 (Fla.1987) (Shaw, J., dissenting) (disagreeing with the majority position that aggravated battery and attempted homicide address the same evil and cannot thus be punished separately).[9] The subsequent "overruling" of Carawan's analysis by the adoption of paragraph 775.021(4)(b) supports our conclusion that the imposition of convictions and sentences on all four counts is required.
We certify the following question as being of great public importance:
DOES THE DOUBLE JEOPARDY CLAUSE PRECLUDE CONVICTING AND SENTENCING A DEFENDANT ON CHARGES OF ATTEMPTED FIRST DEGREE MURDER, CAUSING BODILY INJURY DURING A FELONY, AND AGGRAVATED BATTERY CAUSING GREAT BODILY HARM?
AFFIRMED in part; REVERSED in part; REMANDED for re-sentencing.
DAUKSCH and THOMPSON, JJ., concur.
NOTES
[1] §§ 782.04(1)(a), 777.04(4)(b), 775.087(1)(a), Fla.Stat. (1997).
[2] § 782.051(1), Fla.Stat. (1997). This statute was later amended and entitled "Attempted felony murder." § 782.051, Fla.Stat. (Supp. 1998). Our analysis proceeds under the statute in effect at the time of the commission of the offenses.
[3] §§ 784.045(1)(a)1., 775.087(1)(a), Fla.Stat. (1997).
[4] § 812.13(2)(a), Fla.Stat. (1997).
[5] We find no abuse of discretion in the denial of the motion for new trial based upon newly discovered evidence. See Jent v. State, 408 So.2d 1024, 1031 (Fla.1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982); Fla.R.Crim.P. 3.600(a)(3); see also Johnson v. Singletary, 647 So.2d 106, 111 (Fla.1994).
[6] We note that had Counts II and III been subsumed into Count I, it would have been error to enter convictions on Counts II and III. See Ball v. United States, 470 U.S. 856, 861, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985) ("For purposes of applying the Blockburger test in this setting as a means of ascertaining congressional intent, `punishment' must be the equivalent of a criminal conviction and not simply the imposition of sentence. Congress could not have intended to allow two convictions for the same conduct, even if sentenced under only one; Congress does not create criminal offenses having no sentencing component.") (citations omitted).
[7] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[8] Had the murder attempt been completed, it appears that the charge of aggravated battery with great bodily harm would have been subsumed in the murder charge. See Campbell-Eley v. State, 718 So.2d 327 (Fla. 4th DCA 1998) (convictions for both second-degree murder and aggravated battery on a pregnant woman violate double jeopardy where both charges stem from same violent assault).
[9] In Carawan, the supreme court found that section 775.021 was unclear whether separate punishments were permissible for the crimes of attempted manslaughter, aggravated battery, and shooting into an occupied building, arising from a single incident or episode. It concluded that they were not. In 1988, the Legislature "overruled" Carawan's analysis by enacting paragraph (4)(b) of section 775.021. In State v. Smith, 547 So.2d 613 (Fla.1989), the supreme court explained the impact of the adoption of paragraph (4)(b) on its holding in Carawan, writing in pertinent part:

It is readily apparent that the legislature does not agree with our interpretation of legislative intent and the rules of construction set forth in Carawan. More specifically:
(1) The legislature rejects the distinction we drew between act or acts. Multiple punishment shall be imposed for separate offenses even if only one act is involved.
(2) The legislature does not intend that (renumbered) subsection 775.021(4)(a) be treated merely as an `aid' in determining whether the legislature intended multiple punishment. Subsection 775.021(4)(b) is the specific, clear, and precise statement of legislative intent referred to in Carawan as the controlling polestar. Absent a statutory degree crime or a contrary clear and specific statement of legislative intent in the particular criminal offense statutes, all criminal offenses containing unique statutory elements shall be separately punished.
Id. at 616.