761 So.2d 1135 (2000)
Harold Eugene BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-4335.
District Court of Appeal of Florida, First District.
March 27, 2000.
Opinion Granting Certification in Part March 27, 2000.
*1136 Nancy A. Daniels, Public Defender; Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Edward C. Hill, Jr., Assistant Attorney General, and James W. Rogers, Assistant Attorney General, Criminal AppealsBureau Chief, Tallahassee, for Appellee.
BENTON, J.
The court's opinion of February 4, 2000, is withdrawn and this revised opinion is substituted therefor. Harold Eugene Brown appeals convictions for attempted first degree murder with a firearm and for "felony causing bodily injury" proscribed by section 782.051(2), Florida Statutes (1997). He contends that these convictions, taken together, violate the state and federal prohibitions against double jeopardy, because they stem from a single act the Legislature did not intend to punish twice. We reject this contention and affirm.
Section 782.04(1)(a), Florida Statutes (1997), defines murder in the first degree to include killing somebody "from a premeditated design to effect the death." Attempting such a murder with a firearm is a life felony. See §§ 777.04(4)(b), 775.087(1)(a), Fla. Stat. (1997). Now substantially amended,[1] section 782.051, Florida Statutes (1997), once made it a crime to cause bodily injury during the course of committing or attempting a felony:
Any person who perpetrates or attempts to perpetrate any felony other than a felony enumerated in s. 782.04(3) and who commits, aids, or abets an act that causes bodily injury to another commits a felony of the first degree....
§ 782.051(2), Fla. Stat. (1997). First degree murder is not enumerated in section 782.04(3), Florida Statutes (1997). At the time pertinent to the present case, section 782.051(2), Florida Statutes (1997), required proof that the perpetrator (1) committed or attempted to commit a felony not listed in section 782.04(3), Florida Statutes (1997), and (2) while doing so committed, aided or abetted an act causing bodily injury to another person.
Mr. Brown shot his wife. He was purportedly driving her to pick up her car when he shot her, stopped the car, and pushed her out onto the pavement. When he pulled the trigger, the jury found, he attempted to kill Mrs. Brown from a premeditated design to effect her death. In addition, the jury's verdict reflects, as part and parcel of the attempt to kill her, he also committed an actpulling the trigger that caused her bodily injury. The jury found him guilty both of "felony causing bodily injury" and of attempted first degree murder with a firearm. He was convicted of and sentenced for both offenses.
The Legislature may prescribe multiple punishments for a single transaction or even for a single act by defining multiple offenses so that the transaction or act constitutes each offense. As long as such crimes are tried together, multiple convictions and sentences are constitutionally permissible, if consistent with legislative intent. See M.P. v. State, 682 So.2d 79, 81 (Fla.1996); State v. Smith, 547 So.2d 613, 614 (Fla.1989) ("With respect to cumulative sentences in a single trial, the dispositive question is whether the legislature intended separate convictions and sentences for the two crimes.").
[S]imply because two criminal statutes may be construed to proscribe the same conduct under the Blockburger test does not mean that the Double Jeopardy *1137 Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. ...
Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.
Missouri v. Hunter, 459 U.S. 359, 368-69, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); See Jones v. Thomas, 491 U.S. 376, 381-82, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989); Ohio v. Johnson, 467 U.S. 493, 499, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); Albernaz v. United States, 450 U.S. 333, 340-42, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); State v. Enmund, 476 So.2d 165, 167-68 (Fla.1985). The present case poses, therefore, a question of legislative intent. See Boler v. State, 678 So.2d 319, 321 (Fla.1996) ("[L]egislative intent is the dispositive question in determining whether double jeopardy bars separate convictions and sentences for offenses arising from a single episode.").
Defining commission of a felony causing bodily injury as a separate crime was a legislative reaction to the decision in State v. Gray, 654 So.2d 552 (Fla.1995) (rejecting the putative common law doctrine of "attempted felony murder"). See Senate Staff Analysis and Economic Impact Statement, C.S./S.B. 2712, at 4-5 (Apr. 10, 1996). An early draft of what became section 782.051 was in fact entitled "attempted felony murder." See H.B.2063, S.B. 2712 (1996 session). The committee substitute for that bill renamed the new statutory offense "felony causing bodily injury." See C.S./S.B. 2712 (1996 session). But there is little doubt the Legislature viewed "felony causing bodily injury" as a sort of replacement for and expansion of attempted felony murder as described in Amlotte v. State, 456 So.2d 448 (Fla.1984).
Given this history, we look to how Florida courts treatedin the period between Amlotte and Amlotte's repudiation in Grayconcurrent convictions for attempted felony murder and the underlying felony. Having originally concluded that punishment both for felony murder and for the underlying felony constituted double jeopardy, see State v. Pinder, 375 So.2d 836, 839 (Fla.1979); see also State v. Hegstrom, 401 So.2d 1343, 1346 (Fla.1981), the Florida Supreme Court later decided otherwise, overruling Hegstrom and Pinder in Enmund, 476 So.2d at 167-68. Following this lead, courts that considered the question also permitted dual convictions for attempted felony murder and for the underlying felony. See Viera v. State, 532 So.2d 743, 746 (Fla. 3d DCA 1988); George v. State, 509 So.2d 972, 973 (Fla. 5th DCA 1987); McLeod v. State, 477 So.2d 5, 5-6 (Fla. 1st DCA 1985).
Section 775.021(4), Florida Statutes (1997), provides an essential guide to legislative intent in this regard. See also Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In Boler our supreme court held that section 775.021(4) did not preclude convictions both for felony murder and for the underlying felony:
The appellants argue that the 1988 amendment to the rules of construction in section 775.021(4), Florida Statutes (1991), requires this Court to recede from Enmund. See ch. 88-131, § 7, at 709-10, Laws of Fla. (stating a legislative intent "to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction"). As we explained in [State v.] Smith, the 1988 amendment of section 775.021(4) was intended to override our previous decision in Carawan [v. State, 515 So.2d 161 (Fla.1987)]. 547 So.2d [613,] 614-16 [(Fla.1989)]. Nothing in the 1988 amendment changes the conclusion that we reached in Enmund, namely that "the legislature intended multiple punishments when both a murder and a *1138 felony occur during a single criminal episode." 476 So.2d at 167.
Boler, 678 So.2d at 322 (footnote omitted). As amended by section 3, chapter 88-131, Laws of Florida, section 775.021(4), Florida Statutes, provides:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Although murder obviously entails bodily injury, cf. Mills v. State, 476 So.2d 172, 177 (Fla.1985), bodily injury is not a necessary component of attempted murder, nor is intent to murder necessarily an element of "felony causing bodily injury." At issue here are two distinct offenses, not merely degrees of the same offense "as provided by statute." § 775.021(4)(b)2, Fla. Stat. (1997).
Under section 775.021(4), Florida Statutes (1997), the remaining question is whether the statutory elements of "felony causing bodily injury" are subsumed by the offense of attempted murder (or vice versa). See generally Sirmons v. State, 634 So.2d 153 (Fla.1994). This question must be answered "without regard to the accusatory pleading or the proof adduced at trial." § 775.021(4)(a), Fla. Stat. (1997). Unless one offense subsumes all of the elements of the other, there is no impediment to separate sentences for each criminal offense.
The cases do not support a conclusion that either offense of which Mr. Brown was convicted subsumes the elements of the other, see State v. Boivin, 487 So.2d 1037, 1038 (Fla.1986) (stating aggravated battery is not a necessarily lesser included offense of attempted first degree murder), even viewing attempted murder as assault with intent to kill[2] and "felony causing bodily injury" as a species of battery. See, e.g., Aiken v. State, 742 So.2d 811 (Fla. 2d DCA 1999) (upholding separate convictions for aggravated assault with a firearm and for sexual battery with a firearm based on the same conduct); Maultsby v. State, 688 So.2d 1010 (Fla. 3d DCA 1997) (upholding separate convictions for robbery and for battery based on the same conduct, since robbery can be accomplished by an assault without battery); Garcia v. State, 594 So.2d 806 (Fla. 1st DCA 1992) (upholding separate convictions for aggravated battery and for burglary with intent to commit assault based on the same conduct); Hill v. State, 588 So.2d 46 (Fla. 1st DCA 1991) (upholding separate convictions for aggravated assault and for simple battery); Shaw v. State, 466 So.2d 1245 (Fla. 5th DCA 1985) (Cowart, J., concurring specially) (upholding separate convictions for burglary with assault and for battery). See *1139 also State v. Whitfield, 487 So.2d 1045, 1045 n. 1 (Fla.1986) ("aggravated assault is not a lesser included offense of aggravated battery") (dicta).
Accordingly, we affirm both convictions and sentences. See Gordon v. State, 744 So.2d 1112, 1114 (Fla. 5th DCA 1999).
Affirmed.
JOANOS and WOLF, JJ., CONCUR.

ON MOTION FOR REHEARING OR CLARIFICATION, CERTIFICATION OF A QUESTION OF GREAT IMPORTANCE, AND CERTIFICATION OF CONFLICT
BENTON, J.
We hereby certify the following question as one of great public importance:

DO CONVICTIONS FOR ATTEMPTED FIRST DEGREE MURDER AND FELONY CAUSING BODILY INJURY ON ACCOUNT OF THE SAME ACT AMOUNT TO DOUBLE JEOPARDY?
A similar question was certified in Gordon v. State, 744 So.2d 1112, 1115 (Fla. 5th DCA 1999), review granted, 761 So.2d 329 (Fla.2000).
We also take this opportunity to address two cases appellant cites in his motion: Mills v. State, 476 So.2d 172 (Fla.1985), and State v. Boivin, 487 So.2d 1037, 1038 (Fla.1986) (holding aggravated battery is not a necessarily lesser included offense of attempted first-degree murder but finding "no legilative intent or recognition that society needs multiple punishments for both aggravated battery and attempted first-degree murder. ..."). We had addressed Mills in the main opinion and have revised the main opinion to make reference to Boivin.
Mills was a murder case. Boivin involved attempted murder but, like Mills, was decided before October 1, 1988, when chapter 88-131, section 7, at 709-10, Laws of Florida (amending section 775.021(4) to incorporate Blockburger test) took effect. See State v. Smith, 547 So.2d 613, 616 (Fla.1989) ("[A]ll criminal offenses containing unique statutory elements shall be separately punished."). Neither Boivin nor Mills dealt with section 782.051(2), Florida Statutes (1997).
We otherwise deny appellant's motion for rehearing, clarification, certification of a question of great public importance, and certification of conflict.
JOANOS and WOLF, JJ., CONCUR.
NOTES
[1] In 1998, the Legislature renamed the statute "attempted felony murder." See Ch. 98-204, § 12, at 1969-70, Laws of Fla. As amended, section 782.051, Florida Statutes (Supp. 1998), has a much narrower scope. See Senate Staff Analysis and Economic Impact Statement, C.S./S.B. 1522 (April 2, 1998).
[2] Blackstone says assaults are punishable as crimes "where they are committed with any very atrocious design;(s) as in the case of an assault with an intent to murder." 4 William Blackstone, Commentaries *216. Elsewhere he defines assault as "an attempt or offer to beat another .... an inchoate violence" and battery as "the unlawful beating of another." 3 Blackstone *120.