[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13428
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20801-JLK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLO JUNIOR SENECHARLES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 31, 2016)


Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Carlo Junior Senecharles appeals his conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  He raises three issues on appeal, which we address in turn.  After review, we affirm Senecharles's conviction and sentence.

## I.  DISCUSSION

### A.  *Unconstitutionality of 18 U.S.C. § 922(g)*

Senecharles first contends that 18 U.S.C. § 922(g) is unconstitutional, both facially and as-applied to him, because his possession of the firearm did not have a substantial effect on interstate commerce.

Because Senecharles did not object to the constitutionality of the felon-in-possession statute in the district court, we review for plain error.  *See United States v. Moriarty*, 429 F.3d 1012, 1018-19 (11th Cir. 2005) (stating we review constitutional objections "not raised before the district court only for plain error").  Senecharles's facial challenge is directly foreclosed by our precedent upholding the constitutionality of 18 U.S.C. § 922(g).  *See United States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001) (holding "the jurisdictional element of the statute, *i.e.*, the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [a] facial constitutional attack").  Further, because the parties stipulated the firearm and ammunition had traveled through interstate commerce before the offense was committed, the

2

Government established a minimal nexus between Senecharles's firearm and ammunition and interstate commerce, and the statute was constitutional as-applied to him. *See United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011) (holding § 922(g) is not unconstitutional as applied to "a defendant who possessed a firearm only intrastate" when the government demonstrated that the firearm moved in interstate commerce).

## B. Armed Career Criminal Act

Senecharles also asserts the district court erred by sentencing him under the Armed Career Criminal Act (ACCA) because he did not have three prior convictions for a violent felony or a serious drug offense. He contends his prior Florida convictions for possession of cocaine with intent to distribute, attempted first-degree murder, armed robbery, and armed burglary do not qualify as predicate offenses for ACCA purposes. He does not challenge, however, his prior second-degree murder conviction.

Under the ACCA, a defendant convicted pursuant to 18 U.S.C. § 922(g) is subject to a mandatory minimum 180-month sentence if he has 3 prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). A "serious drug offense" is defined in part as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years

or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii).  A "violent felony" is any

crime punishable by an imprisonment term exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B).

Senecharles's argument with regard to his Florida conviction under Fla. Stat.

§ 893.13(1) for possession of cocaine with intent to distribute is directly foreclosed

by our precedent.  *See United States v. Smith,* 775 F.3d 1262*,* 1266-68 (11th Cir.

2014) (holding convictions under Fla. Stat. § 893.13(1) qualify as serious drug

offenses pursuant to the ACCA, despite the Florida statute's lack of a *mens rea*

element).  Senecharles's argument that *Smith* was wrongly decided and should not

be followed is likewise unavailing.  *See United States v. Archer*, 531 F.3d 1347,

1352 (11th Cir. 2008) (explaining that under the prior panel precedent rule, we are

bound by the holding of a prior panel until that holding is overruled or undermined

to the point of abrogation by a decision of the Supreme Court or our Court sitting

*en banc*).  Therefore, the district court correctly concluded that his cocaine-

possession offense was an ACCA predicate felony.

Next, because Senecharles did not object below to the district court's

determination that his previous attempted first-degree murder conviction was a

4

predicate offense under the ACCA, we review this claim for plain error. *See*

*United States v. Jones*, 743 F.3d 826, 828 (11th Cir. 2014) (reviewing for plain

error a challenge to a conviction being classified as a "violent felony" that was

raised for the first time on appeal). The Supreme Court has noted in the context of

the ACCA that attempted murder is the "prototypically violent crime." *James v.*

*United States*, 550 U.S. 192, 208 (2007) *overruled on other grounds by Johnson*,

135 S. Ct. 2551 (2015). As there is no precedent squarely resolving whether

Florida attempted first-degree murder is a violent felony under the ACCA and

attempting to kill with a firearm squarely fits within the ACCA's definition of

attempted use of force against another, we conclude that the district court

committed no plain error when it determined that this felony was an ACCA

predicate felony. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th

Cir. 2003) (explaining there is no plain error where the explicit language of a

statute or rule does not specifically resolve an issue and there is no precedent from

the Supreme Court or our Court directly resolving it); *Gordon v. State*, 744 So. 2d

1112, 1113-14 (Fla. 5th DCA 1999) (stating "intent to kill" is an element of

attempted first degree murder with a firearm). Although Senecharles also

challenges his convictions for armed robbery and armed burglary, we do not need

to reach those convictions, as he has three predicate felony convictions—

5

possession of cocaine with intent to distribute, attempted first-degree murder, and second-degree murder—without them.

## C.  Unconstitutionality of ACCA enhancement

Senecharles finally argues that his enhanced sentence violated the Fifth and Sixth Amendments under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), because none of the facts supporting the enhancement were charged in the indictment, nor did he admit them at trial.

We have "consistently held" that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), remains good law and that, for ACCA purposes, district courts may determine both the existence of prior convictions and the factual nature of those convictions.  *United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013).

Senecharles did not object in the district court on the basis that his ACCA enhancement was unconstitutional under *Apprendi*, and, therefore, we review this claim for plain error.  *See Moriarty*, 429 F.3d at 1018-19.  *Weeks* directly forecloses Senecharles's argument, and, therefore, there was no error, plain or otherwise, regarding the constitutionality of Senecharles's ACCA enhancement.  *See Weeks*, 711 F.3d at 1259.

## II.  CONCLUSION

Accordingly, we affirm Senecharles's conviction and sentence.

**AFFIRMED.**